**RUMFORD PHARMACY, INC.,**
**Plaintiff, Appellant,**

v.

**CITY OF EAST PROVIDENCE, et al., Defendants, Appellees.**

No. 91–2196.

United States Court of Appeals,
First Circuit.

Heard April 7, 1992.

Decided July 31, 1992.

---

Kevin P. Gavin with whom James R. Simmons and Nadeau & Gavin, P.C. were on brief, for plaintiff, appellant.

Marc DeSisto with whom Carroll, Kelly & Murphy was on brief for defendants, appellees City of East Providence and its councilmen.

Caroline C. Cornwell, Sp. Asst. Atty. Gen., with whom James E. O'Neil, Atty. Gen., was on brief for defendant, appellee Edward R. Lynch.

Before BREYER, Chief Circuit Judge, COFFIN, Senior Circuit Judge, and CYR, Circuit Judge.

CYR, Circuit Judge.

Appellant Rumford Pharmacy, Inc. instituted the present action in the United States District Court for the District of Rhode Island against the City of East Providence, all members of its City Council—in their dual capacities as council members and members of the Board of Licensing Commissioners—City Councilman Gerald Lynch, in his individual capacity, and Councilman Lynch's brother, Edward R. Lynch, in his individual capacity and in his former official capacity as a Member of the Rhode Island House of Representatives. The complaint demanded damages, as well as injunctive and declaratory relief, for alleged violations of appellant's civil and constitutional rights relating to the denial of appellant's application for approval of a transfer of a local liquor license. The federal claims were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief could be granted. The pendent state law claims were dismissed without prejudice.

I

## BACKGROUND

In reviewing a dismissal order under Rule 12(b)(6) we treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff. *See Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989). According to the complaint, in September 1989 appellant Rumford Pharmacy, Inc. entered into a contract for the purchase of an existing Class A & E Beverage License previously issued to King Drug Co. [hereinafter "King Drug"]. Appellant promptly filed its application for transfer of the King Drug liquor license with the Board of Licensing Commissioners [hereinafter "Board"], which scheduled the application for consideration at its November 13, 1989 hearing. Later, although appellant met all requirements for a transfer of the license, the Board indefinitely postponed action on appellant's application pending a ruling from the Rhode Island Ethics Commission as to whether Commissioner Lynch's participation in the Board's

decision would constitute a conflict of interest.[1]

Several months later, the Ethics Commission ruled that Commissioner Lynch's participation in the pending Board proceedings would constitute a conflict of interest. The Board appealed the ruling and postponed further proceedings on appellant's application, pending appeal. Meanwhile, Commissioner Lynch succeeded in getting his brother, appellee Edward R. Lynch, a Member of the Rhode Island House of Representatives, to introduce a bill whose specific purpose was to prevent appellant from obtaining approval of its application. The bill was enacted into law on July 6, 1990.[2] On July 18, after appellant had agreed to withdraw its defamation action against Commissioner Lynch, the Board scheduled a hearing on appellant's application. The application was denied on August 22, pursuant to the Lynch-inspired legislation enacted on July 6. Appellant took an appeal to the *Liquor Control Administrator* which was rendered moot as a consequence of King Drug's transfer of the license to another entity.[3]

## II

## DISCUSSION

The complaint alleges that the defendants conspired to deprive appellant of its property without due process of law in violation of 42 U.S.C. §§ 1983 and 1985(3) and that the Lynch-inspired legislation violates both the United States Constitution and the Rhode Island Constitution.[4] We review Rule 12(b)(6) dismissals *de novo*,

under the identical criteria applicable at the trial court level. *Garita Hotel Ltd. Partnership v. Ponce Federal Bank, F.S.B.,* 958 F.2d 15, 17 (1st Cir.1992). Drawing every reasonable inference favorable to the nonmoving party, we will "affirm a dismissal for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990). The pleading requirements, though "minimal," are not "non-existent." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988). "Modern notions of 'notice pleading' notwithstanding, a plaintiff ... is nonetheless required to set forth factual allegations, either direct or inferential, *respecting each material element necessary to sustain recovery under some actionable legal theory.*" *Id.* at 515 (emphasis added).

### A. *Due Process Claims*

██ An actionable section 1983 claim must allege facts sufficient to support a determination "(i) that the conduct complained of has been committed under color of state law, and (ii) that [the alleged] conduct worked a denial of rights secured by the Constitution or laws of the United States." *Chongris v. Board of Appeals,* 811 F.2d 36, 40 (1st Cir.), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987). Appellant attempts to assert violations of its due process rights under the Fourteenth Amendment.

1. Commissioner Lynch, at the time, was a defendant in a civil defamation action brought by appellant.

2. The enacted bill provided, in part, that "in the city of East Providence, retailer's Class A licenses shall not be issued to authorize the sale of beverages in any building within five hundred feet (500') of the premises of any public, private or parochial school or a place of public worship." R.I.Gen.Laws § 3–7–19. Thus, the challenged legislation applied only in the city of East Providence and, at the date of its enactment, appellant was the only applicant for a transfer of a license to sell alcoholic beverages within the zone of prohibition established by the new legislation.

3. The record reveals neither the identity of the transferee nor the transfer date. In any event, appellant concedes that the transfer put an "end [to] getting that particular license."

4. Although the complaint did not contain a separate count alleging that the Rhode Island statute is unconstitutional, it sought such a judicial declaration. The district court did not address the constitutionality of the Rhode Island statute. The complaint also alleged causes of action under Rhode Island law, for intentional interference with appellant's contractual and prospective business relations. These claims were dismissed without prejudice.

A sufficient procedural due process claim must allege "that [the plaintiff] was deprived of constitutionally protected property because of defendants' actions, and that the deprivation occurred without due process of law." *Roy v. City of Augusta, Me.*, 712 F.2d 1517, 1522 (1st Cir.1983). Assuming, *arguendo*, that appellees' actions deprived appellant of a cognizable property interest in the King Drug liquor license,[5] the complaint nevertheless fails to *allege* that available remedies under Rhode Island law were inadequate to redress any deprivation resulting from appellees' eight-month delay in processing appellant's license-transfer application. Thus, at the very least, the complaint fails to allege an element critically important to a procedural due process claim resting entirely upon an eight-month delay in processing an application for a license to which the claimant asserts itself entitled.

The Supreme Court has explained the critical importance attached to the requirement that a procedural due process claimant allege the unavailability of constitutionally-adequate remedies under state law.

> In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.* The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the proce-

dural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.

*Zinermon v. Burch*, 494 U.S. 113, 125–26, 110 S.Ct. 975, 983–84, 108 L.Ed.2d 100 (1990) (emphasis in original) (citations omitted) (footnote omitted). If the federal courts were to entertain civil rights complaints based on procedural deprivations for which adequate state remedies exist, "every disgruntled applicant could move [its procedural grievances] into the federal courts ...[,] any meaningful separation between federal and state jurisdiction would cease to hold and forum shopping would become the order of the day." *Roy*, 712 F.2d at 1523.

Appellant's complaint fails to allege that constitutionally adequate remedies were unavailable under Rhode Island law for any unreasonable delay in affording a hearing (or acting) upon the license transfer application. These pleading omissions alone would warrant dismissal of its procedural due process claim. *See Zinermon*, 494 U.S. at 126, 110 S.Ct. at 983; *Roy*, 712 F.2d at 1522; *see also Monahan v. Dorchester Counseling Center, Inc.*, 961 F.2d 987, 994 n. 7 (1st Cir.1992) ("[A]bsent any allegations in the complaint concerning the state [remedial] procedures, or thorough briefing on this point, we decline to speculate concerning plaintiff's state law claim[s] for purposes of determining whether there exists an adequate state law remedy."). Furthermore, we have been given no reason to believe that Rhode Island law does not provide constitutionally adequate predeprivation and postdeprivation remedies in such circumstances.[6] We

---

**5.** The district court ruled that appellant had no property interest in the liquor license under Rhode Island law and that appellees "cannot be held responsible" for appellant's loss since there were intervening causes, including King Drug's transfer of the license to another entity. *See supra* note 3 & accompanying text.

**6.** As concerns predeprivation relief, it would appear that mandamus may be available to compel an administrative board to conduct a hearing (or take other action) on an application,

within a reasonable time. *See Wood v. Lussier,* 416 A.2d 690 (R.I.1980) (building permit applicant entitled to writ of mandamus if application satisfies all conditions imposed by applicable law); *Johnson & Wales College v. Di Prete,* 448 A.2d 1271 (R.I.1982) (same); *Washington Highway Dev. v. Bendick,* 576 A.2d 115 (R.I.1990) (applicant for wetlands permit entitled to mandamus compelling administrative agency to act within reasonable time); *see also Vito v. Dept. of Environmental Mgt.,* 589 A.2d 809 (R.I.1991) (finding that unreasonable delay in conducting

conclude that the dismissal of appellant's procedural due process claim was proper, absent either allegations or discussion, let alone citation to authority, as to the unavailability of constitutionally adequate state law remedies. *See Smith v. Massachusetts Dept. of Correction,* 936 F.2d 1390, 1402 (1st Cir.1991) (dismissing procedural due process claim where complaint did not allege unavailability of adequate state remedy and common law tort remedy appeared adequate).[7]

■ Although the major thrust of appellant's contentions is directed at appellees' improper motive and their unconstitutional application of the Lynch-inspired statute,[8] we acknowledge a cursory reference in their complaint, and some conclusory discussion in the appellate brief, challenging the facial validity of the statute on the ground that it lacked a rational basis. *See Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield,* 907 F.2d 239, 243–46 (1st Cir.1990) (entertaining due process challenge based on theory that land use ordinance was " ' "a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense" ' ") (quoting *Nectow v. Cambridge,* 277 U.S. 183, 187–88, 48 S.Ct. 447, 448, 72 L.Ed. 842 (1928) (quoting *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 395, 47 S.Ct. 114, 120, 71 L.Ed. 303 (1926))). Arguably, that issue was not waived.[9] Nevertheless, since equitable re-

---

public hearings violates federal due process; ordering hearings to be scheduled, but postponing ruling on writ of mandamus pending satisfactory agency implementation of hearing order).

As concerns postdeprivation remedies, appellant apparently remained free to pursue the pendent state-law claims dismissed, without prejudice, by the district court, *see supra* note 4; and, once again, we are given no reason to suppose that these state law remedies would not provide constitutionally adequate postdeprivation relief. *See, e.g., Di Biasio v. Brown & Sharpe Mfg. Co.,* 525 A.2d 489 (R.I.1987) (tortious interference with contractual relationship).

7. The failure to allege an essential element of its procedural due process claim controls the disposition of appellant's § 1985(3) claim as well. *See Rodriguez–Garcia v. Davila,* 904 F.2d 90, 99 (1st Cir.1990) (§ 1985(3) provides a cause of action for conspiracy to deprive or interfere with federally protected rights).

8. Appellant vaguely attempts to tint its procedural due process claim with a substantive gloss by asserting that the Board unduly delayed action on the application while it tried to "conjure up a 'legal' way to deny" it. This court has been most reluctant to entertain substantive due process challenges to state administrative agency action. *See, e.g., Amsden v. Moran,* 904 F.2d 748, 757 (1st Cir.1990) (alleging state licensing board misuse of administrative process in refusing reinstatement of surveyor's license); *Chiplin Enterprises, Inc. v. City of Lebanon,* 712 F.2d 1524, 1528 (1st Cir.1983) (alleging unreasonable delay on application for building permit). We have cautioned that "even the outright violation of state law by local officials 'is a matter primarily of concern to the state and does not implicate the Constitution'—absent 'fundamental procedural irregularity, racial animus, or the like.' " *Roy,* 712 F.2d at 1523 (quot-

ing *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822, 833 (1st Cir.), *cert. denied,* 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982)). A complaint pleads a substantive due process violation by a local administrative agency only if the facts alleged are "shocking or violative of universal standards of decency." *Amsden,* 904 F.2d at 757 (quoting *Furtado v. Bishop,* 604 F.2d 80, 95 (1st Cir.1979), *cert. denied,* 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980)).

The complaint alleges that the Board delayed a hearing from March 30 until August 20, "pending a resolution of the City's appeal from the ruling of the Rhode Island Ethics Commission." We find these alleged facts insufficiently egregious to state a substantive due process violation under *Amsden* and *Furtado. See Chiplin,* 712 F.2d at 1526 (five-year, "bad faith" delay in town's processing of building permit insufficient to state substantive due process claim); *Creative Environments,* 680 F.2d at 831 (complaint alleging that development proposal was rejected through arbitrary misapplication of state law by local officials, held insufficient to state constitutional violation).

9. Appellant may be attempting to recast the same claim in "equal protection" terms as well, by alleging that the Lynch-inspired statute lacked a rational basis since it singled out Rumford Pharmacy as its sole target. *See Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985) (legislation not affecting suspect class or fundamental right denies "equal protection" if classification lacked rational basis). As appellant presents its contention in a cursory and conclusory footnote reference, *see Rivera–Muriente v. Agosto–Alicea,* 959 F.2d 349, 351 n. 2 (1st Cir. 1992) (issues presented in perfunctory fashion and without developed argumentation are deemed waived), it merits no independent dis-

lief is unavailable, *see infra* pt. B, and all the named defendant officials would be immune from damage claims,[10] we conclude that remand would be futile.

## B. *Declaratory and Injunctive Relief*

█ Finally, appellant challenges the district court's failure to address its request for a judgment declaring the Rhode Island statute unconstitutional. Appellant alleged a loss of its liquor license and the opportunity to exploit it. As noted above, however, after the Board's denial of appellant's application, King Drug transferred the license to another entity and the transfer was approved. Appellant does not allege that it currently possesses (or intends to seek) another license which has been, or is likely to be, denied by reason of the alleged wrongful conduct. We therefore conclude that appellant lacked the requisite standing to challenge the Rhode Island statute.

Article III standing "seeks to ensure the existence of a case and controversy." *United States v. AVX Corp.*, 962 F.2d 108, 113, (1st Cir.1992) (discussing both Article III and the prudential elements of "standing"). Article III standing necessitates that the claimant "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *see also American Postal Workers Union v. Frank*, 968 F.2d 1373, 1374 (1st Cir.1992); *AVX Corp.*, 962 F.2d at 113. As it has not been alleged, nor does it appear, that equitable relief could restore or protect any right of the appellant either in the King Drug liquor license or any other, appellant lacks standing to assert its claim for injunctive or declaratory relief. *See Frank*, 968 F.2d at 1376 (relying on *Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983)). Since appellant lacked standing to challenge the constitutionality

of the Rhode Island statute, the district court was without jurisdiction to address its claim for declaratory or injunctive relief. *See id.* 968 F.2d at 1374; *AVX*, 962 F.2d at 113 ("[i]f a party lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case").

*The district court judgment is affirmed.*

---

cussion, *see Chiplin,* 712 F.2d at 1528 (mere reference to equal protection "only relabels" unsuccessful substantive due process claim, as plaintiff was denied equal protection only to the extent he was deprived of property without due process).

10. We see no basis upon which the city council members could be held responsible for the facial invalidity of a statute passed by the state legislature. Representative Lynch would have absolute legislative immunity.