USCA1 Opinion

 

 December 11, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1701  BERNARD M. BANE, Plaintiff, Appellant, v. REGISTRY OF MOTOR VEHICLES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Bernard M. Bane on brief pro se. _______________ ____________________ ____________________ Per Curiam. The district court dismissed ____________ plaintiff's complaint as frivolous under 28 U.S.C. 1915(d), after informing plaintiff that his complaint was deficient and giving him an opportunity to supply applicable legal authority to support why his action should proceed. We affirm the dismissal. Plaintiff has failed to show a deprivation of any federal or constitutional right, an essential element of a  1983 cause of action. None of plaintiff's filings allege facts indicating that Massachusetts fails to provide a constitutionally adequate remedy to redress the purported due process deprivation, here, the non-renewals of plaintiff's license to operate and automobile registration. Such an allegation is critical to a procedural due process claim, and its omission warrants dismissal of that claim. Rumford _______ Pharmacy v. City of East Providence, 970 F.2d 996, 999 (1st ________ ________________________ Cir. 1992). Mass. Gen. L. ch. 90, 20A 1/2, clearly provides predeprivation safeguards to avert erroneous non-renewals. It is the issuance of parking tickets that triggers a potential non-renewal. Aside from the unelaborated and conclusory assertion that 20A 1/2 is unconstitutional, plaintiff failed completely to indicate in what way those statutory safeguards are inadequate or what additional process is required to challenge the ticketing in the first -2- instance. Given the express provisions of ch. 20A 1/2, adequate predeprivation process was available. See Lowe v. ___ ____ Scott, 959 F.2d 323, 344 (1st Cir. 1992). _____ Further, Massachusetts appears to provide adequate postdeprivation tort remedies. Smith v. Massachusetts Dep't _____ ___________________ of Correction, 936 F.2d 1390, 1402 (1st Cir. 1991). ______________ Plaintiff has failed to allege that a state-law tort remedy could not adequately cure the alleged wrong. Without facts showing the inadequacy of the Massachusetts predeprivation and postdeprivation remedies, plaintiff cannot state a 1983 procedural due process claim.1 Rumford Pharmacy, 970 F.2d ________________ at 1000; see also Campo v. New York City Employee's ___ ____ _____ ___________________________ Retirement System, 843 F.2d 96, 101-02 (2d Cir.), cert. __________________ _____ denied, 488 U.S. 889 (1988) (plaintiffs cannot manufacture a ______ 1983 claim by pointing to allegedly defective agency procedure while ignoring other state process that serves to redress administrative error). Because plaintiff has failed to plead an actionable claim of deprivation of due process, his ancillary 1985 conspiracy claim necessarily fails as  ____________________ 1. The conduct here involved is hardly "conscience shocking", should plaintiff be attempting to assert a substantive due process claim. See, Senra v. Cunningham, 9 ___ _____ __________ F.3d 168, 173 (1st Cir. 1993). -3- well. Rumford Pharmacy, 970 F.2d at 1000 n.7; Torres v. _________________ ______ Superintendent of Police,893 F.2d404, 410 n.8(1st Cir.1990).2 ________________________ In short, despite an opportunity to supply additional substance to the due process claim, see Purvis v. ___ ______ Ponte, 929 F.2d 822, 826 (1st Cir. 1991), the complaint _____ lacked sufficient allegations that constitutionally adequate state law remedies were not available, and was properly dismissed. Affirmed. ________  ____________________ 2. To the extent that plaintiff's conspiracy theory attempts to rely on grounds other than due process, such as equal protection or the First Amendment, plaintiff's speculative and improbable conspiracy claim--that he has been singled out by defendants because of his previous litigation or political views--fails to identify facts that could support the kind of racial or class-based animus required to obtain 1985(3) relief, and is plainly without merit. Griffin v. _______ Breckenridge, 403 U.S. 88, 102 (1971); see also Rumford ____________ ___ ____ _______ Pharmacy, 970 F.2d at 1000 n.9.  ________ -4-