**Mary Irene AUBUCHON, Trustee, 24 Cottage Avenue Trust, Plaintiff,**

v.

**COMMONWEALTH OF MASSACHUSETTS, acting By and Through the STATE BUILDING CODE APPEALS BOARD, City of Fitchburg, Michael A. Gallant, in his individual and official capacity, and Jeffrey Bean, in his individual and official capacity, Defendants.**

Civil Action No. 95–40231–NMG.

United States District Court, D. Massachusetts.

Aug. 9, 1996.

Gary S. Brackett, Brackett & Lucas, Worcester, MA, for plaintiff.

Edward W. Colbert, III, Peter Sacks, Atty. Gen. Office Boston, MA, for Commonwealth of Massachusetts.

John J. Davis, Todd M. Reed, Morrison, Mahoney & Miller, Boston, MA, for City of Fitchburg, Michael A. Gallant, Jeffrey Bean.

## MEMORANDUM AND ORDER

GORTON, Judge.

On November 17, 1995, plaintiff Mary Irene Aubuchon ("Aubuchon"), the trustee of a trust that owns commercial property located at 24 Cottage Avenue in Fitchburg, Massachusetts, filed the above-entitled action against four defendants: the Commonwealth of Massachusetts, acting by and through its State Building Code Appeals Board ("the Board"), the City of Fitchburg ("the City"), Michael A. Gallant ("Gallant") and Jeffrey Bean ("Bean"). Plaintiff's various federal and state claims arise out of the alleged wrongful demolition of the trust property.

Count I of plaintiff's Complaint seeks judicial review of a decision of the Board, pursuant to M.G.L. c. 30A, § 14.[1] Count II alleges a Massachusetts Civil Rights Act ("MCRA") violation by Gallant, the City's Building Commissioner, and Bean, the mayor of the City. Count III of Aubuchon's Complaint advances a claim pursuant to 42 U.S.C. § 1983 against Gallant and Bean (in both their individual and official capacities), while Count IV advances a § 1983 claim against the City itself.

Pending before this Court is a motion by defendants Gallant, Bean and the City ("the defendants") to dismiss all of the counts

against them or, alternatively, for summary judgment on those counts. Plaintiff opposes the motion. For the reasons that follow, the motion to dismiss will be allowed.

## I. *Factual and Procedural Background*

When considering a motion to dismiss, this Court accepts as true the allegations of the Complaint and draws all reasonable inferences in favor of the plaintiff. *Carreiro v. Rhodes Gill and Co., Ltd.,* 68 F.3d 1443, 1446 (1st Cir.1995). Although a Complaint "need only set forth a generalized statement of facts, the plaintiff must still provide enough information to outline the elements of [her] claim." *Tynecki v. Tufts University School of Dental Medicine,* 875 F.Supp. 26, 29 (D.Mass.1994) (internal quotations omitted); *see also Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 998 (1st Cir.1992) (plaintiff is required to set forth factual allegations "respecting each material element necessary to sustain recovery"). Plaintiff's complaint asserts the following relevant factual allegations:

The plaintiff is the trustee of the 24 Cottage Avenue Trust, which owns the property at issue in this case. The City, by and through its Building Commissioner, defendant Gallant, issued a demolition order to Aubuchon to demolish a building on the property pursuant to 780 CMR 123.0 and 124.0. The plaintiff's response to the demolition order was twofold: 1) she filed, pursuant to 780 CMR 126.1, an appeal of the order to the State Building Code Appeals Board, and 2) on September 14, 1995, she pursued her statutory right to appeal to the Superior Court her claim that the demolition order was invalid.[2] Entry of the appeal to the Building Code Appeals Board resulted in the imposition of an automatic stay of the demolition order during the pendency of that appeal.[3]

1. On March 1, 1996, the Board filed, and this Court ALLOWED, a motion to remand Count I to Massachusetts Superior Court on Eleventh Amendment grounds.

2. M.G.L. c. 143, § 10 permits an owner who is aggrieved by an order to remove a dangerous structure to "have the remedy prescribed by [M.G.L. c. 139, § 2]." That section permits a person aggrieved by an order to appeal to the

superior court in the county in which the building is located, and a jury "may affirm, annul or alter such order" and award damages and costs.

3. 780 CMR 126.3.2, entitled "Stay of Proceedings," provides, in relevant part, that:
   [e]ntry of an appeal [to the Board] shall stay all proceedings in furtherance of the action or failure to act appealed from, unless the ... person charged with the administration

After conducting a hearing on October 16, 1995, the Board voted to uphold the City's demolition order. The Board's hearing was, plaintiff alleges, "held and conducted in violation of the procedures required by 780 CMR 126.3.2 and the notice requirements of 780 CMR 126.3.4." [4] Complaint at ¶ 12. Within a few days of receiving the decision, "and without waiting for the appeal period under 780 CMR 126.6 to expire, [the City] proceeded to demolish the property." [5] Complaint at ¶ 14.

On February 2, 1996, the City, Gallant and Bean filed their motion to dismiss plaintiff's Complaint or, alternatively, for summary judgment. Defendants advance three arguments in support of their motion: 1) plaintiff fails to state a procedural due process claim because the Commonwealth has provided her with an adequate post-deprivation remedy to address any deficiency in the process provided prior to the building's demolition, 2) plaintiff fails to state a substantive due process claim because the Complaint contains no allegation of "truly horrendous" conduct by the defendants, and 3) the individual defendants are entitled to qualified immunity. Inasmuch as this Court agrees that plaintiff fails to state a viable procedural and/or substantive due process claim, there is no need to reach the issue of qualified immunity.

## II. Legal Analysis

■ Counts III and IV of plaintiff's Complaint seek recovery pursuant to 42 U.S.C. § 1983, which requires that: 1) the conduct

complained of be committed under color of state law, and 2) the alleged conduct deprives plaintiff of a constitutional or federally-protected right. *Tatro v. Kervin,* 41 F.3d 9, 14 (1st Cir.1994). There is no dispute that defendants' actions were performed "under color of state law" and, therefore, this Court turns its attention to the issue of whether the conduct about which plaintiff complains comprises a deprivation of a constitutional right.

## A. *Procedural Due Process*

■ Defendants argue, and this Court agrees, that Aubuchon's allegation that the defendants demolished the building without waiting for the period within which she could appeal the Board's decision to expire cannot serve as the basis for a procedural due process claim against Fitchburg, Gallant and Bean. The Complaint contains no allegations that the City or its officials failed or refused to provide plaintiff with notice or an opportunity to be heard. To the contrary, the Complaint acknowledges that, after receiving Gallant's demolition order, plaintiff appealed to the Board pursuant to 780 CMR 126.1. Moreover, as noted *supra,* note 5, the prosecution of an action pursuant to M.G.L. c. 30A, § 14 does not, absent circumstances not applicable here, serve to stay enforcement of the agency decision. In short, any failure by the State Board to provide the plaintiff with constitutionally sufficient notice and hearing cannot be the basis for a due process claim

---

or enforcement of this code ... presents evidence ... that a stay would involve imminent peril to life or property. In such an event, stay of all proceedings shall be waived....

**4.** 780 CMR 126.3.2 provides that, before waiving the stay, the Board "shall hold a hearing and give the appellant and local agency written notice of the hearing no fewer than 24 hours before the hearing." Section 126.3.4, which governs "Hearings," provides in relevant part that:

The Chairman of the Board [of Appeals] shall fix a convenient time and place for a public hearing. Said hearings shall be held not later than thirty (30) days after the entry of such appeal.... Any such party may appear in person or by agent or attorney at such hearing. The chairman or clerk shall give notice of the time and place of said

hearing to all parties to the hearing and to anyone else requesting notice in writing at least ten (10) days prior thereto.

**5.** 780 CMR 126.6 does not, by its terms, provide an appeal period. Rather, that section states merely that any person who is aggrieved by a decision of the Board "may appeal to a court of law or equity in conformance with [M.G.L. c. 30A, § 14]." Presumably, plaintiff is relying on the fact that M.G.L. c. 30A, § 14 permits an action to be commenced "within thirty days after receipt of notice of the final decision of the agency." That same statute clearly provides, however, that "[t]he commencement of an action *shall not operate as a stay of enforcement of the agency decision,* but the agency may stay enforcement, and the reviewing court may order a stay upon such terms as it considers proper." (emphasis supplied).

under § 1983 against the City and its officials.

Dismissal of the procedural due process claim also is appropriate because adequate post-deprivation remedies exist to address plaintiff's charges. The First Circuit has observed that a properly-pleaded procedural due process claim must allege not only that plaintiff "was deprived of constitutionally protected property because of defendants' actions, [but also] that the deprivation occurred without due process of law." *Roy v. City of Augusta, Maine,* 712 F.2d 1517, 1522 (1st Cir.1983). Although plaintiff alleges that she was deprived of constitutionally-protected property, she has not alleged that available remedies under Massachusetts law are inadequate to redress the deprivation. *See Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 999 (1st Cir.1992).

The Supreme Court has explained the foregoing principle as follows:

[t]he constitutional deprivation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for the erroneous deprivations provided by statute or tort law.

*Zinermon v. Burch,* 494 U.S. 113, 125–26, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990) (internal citations omitted). Similarly, the First Circuit has reasoned that:

[i]f the federal courts were to entertain civil rights complaints based on procedural deprivations for which adequate state remedies exist, every disgruntled applicant could move [its procedural grievances] into the federal courts ...[,] any meaningful separation between federal and state jurisdiction would cease to hold and forum shopping would become the order of the day.

*Rumford Pharmacy,* 970 F.2d at 999 (internal quotation omitted); *see also Roy,* 712 F.2d at 1522–23.

Plaintiff here has not and cannot allege that available remedies under Massachusetts law are inadequate to redress any deprivation caused by the City officials' issuance and execution of the demolition order. That is because M.G.L. c. 143, § 10 and c. 139, § 2 permit an aggrieved property owner to appeal an order to remove a dangerous structure to the Superior Court for a jury trial in which the jury may affirm, annul or alter the demolition order. If the jury annuls the demolition order, the successful plaintiff is entitled to recover damages and costs. *See* M.G.L. c. 139, § 2. Inasmuch as plaintiff has, in fact, filed a separate (and ongoing) civil action in the Superior Court pursuant to the remedial statute, the post-deprivation remedy afforded by M.G.L. c. 143, § 10 precludes plaintiff's procedural due process claims at this juncture.

### B. *Substantive Due Process*

Unlike a procedural due process claim, in which the Court's focus is on "how" and by what procedure the state has acted, substantive due process requires a consideration of "what" the government has done. *See Amsden v. Moran,* 904 F.2d 748, 754 (1st Cir. 1990), *cert. denied,* 498 U.S. 1041, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991).

The standard by which to determine a substantive due process violation is not easily articulated and has assumed a variety of verbal formulations. Some courts have observed that substantive due process protects individuals from state actions which appear "shocking or violative of universal standards of decency," *Furtado v. Bishop,* 604 F.2d 80, 95 (1st Cir.1979), *cert. denied,* 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980), or those which are "arbitrary and capricious." *Newman v. Commonwealth of Massachusetts,* 884 F.2d 19, 25 (1st Cir.1989), *cert. denied,* 493 U.S. 1078, 110 S.Ct. 1132, 107 L.Ed.2d 1037 (1990). "In the substantive due process context, the requisite arbitrariness and caprice must be stunning, evidencing more than humdrum legal error." *Amsden,* 904 F.2d at 754 n. 5.

In the case at bar, the allegations in Aubuchon's Complaint fail to reach the "stunning" level required by the First Circuit. For the reasons discussed *supra*, note 5, the allegation that the City demolished the property "without waiting for the appeal period under 780 CMR 126.6 to expire" fails to afford the requisite shock.

Similarly lacking in punch is Aubuchon's assertion that the defendants "acted in clear violation of the automatic stay provisions of 780 CMR 126.3.2" *See* Opposition to Motion to Dismiss at 9. Plaintiff is correct in her assertion that, pursuant to that section of the regulations, the entry of an appeal to the Board results in an automatic stay so that the Board can hear the appeal. In the case at bar, however, the Board disposed of the appeal (i.e., affirmed the demolition order), at which time the stay dissolved. The automatic stay relates to the proceeding described in the regulation and, by logic as well as by statutory construction, lapses when that proceeding is concluded. Plaintiff's allegations regarding defendants' conduct thus fail to reach the depths of indecency sufficient to state a substantive due process claim and, marred by such shortcomings, the claim will not lie.

### ORDER

For the foregoing reasons, defendants' motion to dismiss Counts III and IV is ALLOWED. Because plaintiff's federal civil rights claims against the defendants are dismissed, plaintiff's state law claim for violation of the Massachusetts Civil Rights Act [Count II] is DISMISSED, WITHOUT PREJUDICE.

So ordered.