Kenneth TORRES–LOPEZ, Plaintiff

v.

Jose D. OLIVO–MIRANDA, et al., Defendants.

Civil No. 06–1850 (JP).

United States District Court, D. Puerto Rico.

Feb. 22, 2007.

David Fernández–Esteves, Esq., Law Offices of Benjamín Acosta, Jr., San Juan, PR, for Plaintiff.

Iris Alicia Martínez–Juarbe, Esq., Vanessa Vicéns, Esq., Department of Justice, San Juan, PR, for Defendants.

## *OPINION AND ORDER*

PIERAS, Senior District Judge.

The Court has before it Defendants' Motion to Dismiss **(No. 8),** and Plaintiff's opposition thereto (No. 9). Plaintiff Kenneth Torres–Lopez ("Plaintiff") argues that Defendants violated his rights protected by the First, Fourth, Fifth, Ninth, Tenth and Fourteenth Amendments to the U.S. Constitution, and various Puerto Rico laws when Defendants handcuffed and arrested Plaintiff while he was working as a used cars salesman at Adriel Auto Corporation in Rio Grande, Puerto Rico. Defendants argue Plaintiff's claims against Defendants in their official capacities should be dismissed because the Puerto Rico Po-

lice Department is entitled to Eleventh Amendment immunity. Defendants further argue that Plaintiff has failed to state a claim under Section 1983 and the Amendments to the U.S. Constitution. For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART.**

## I. *LEGAL STANDARD FOR MOTIONS TO DISMISS*

■ According to the Supreme Court, a "court may dismiss a Complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002). According to the First Circuit, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992). A complaint sufficiently raises a claim "even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González–Pérez v. Hospital Interamericano De Medicina Avanzada*, 355 F.3d 1, 5 (1st Cir.2004). Under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## II. *FACTUAL ALLEGATIONS*

On August 31, 2005, Defendants arrested Plaintiff while he was working as a used cars salesman at Adriel Auto Corporation in Rio Grande, Puerto Rico. Defendants transported Plaintiff to the Court of First Instance of the Commonwealth of Puerto Rico, Superior Part of Fajardo, where Plaintiff was informed that he was arrested for allegedly violating the Internal Revenue Code of Puerto Rico. In particular, Plaintiff was arrested for his alleged participation in the removal or alteration of the manufacturer's serial number on parts of a used vehicle. Plaintiff was placed in a holding cell for approximately three hours before being released on bail. A preliminary hearing was held on October 11, 2005, and the criminal complaint against Plaintiff was dismissed. Plaintiff alleges that Defendant Jose Olivo–Miranda ("Olivo") testified at the hearing that the vehicle Plaintiff Torres helped sell was received as a trade-in at Adriel Auto Corporation's Dorado Branch, and that the vehicle was not properly inspected during the exchange. Further, Defendant Olivo testified that the Dorado Branch of Adriel Auto Corporation accepted a car that was not registered to the person who traded it in, and that Plaintiff Torres was unaware of this fact. Plaintiff alleges that as a direct result of his arrest, he was dismissed from his job on October 26, 2006.

## III. *ANALYSIS*

■ Under 42 U.S.C. Section 1983, Plaintiff Torres brings claims for violations of the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments of the U.S. Constitution, and the laws and Constitution of Puerto Rico. Defendants argue that the claims against them in their official capacities must be dismissed because the Puerto Rico Police Department is entitled to Eleventh Amendment immunity. Suits against state officials may be brought under 42 U.S.C. Section 1983. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities se-

cured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983 (2000). Defendants are entitled to qualified immunity from suit if their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (internal quotation marks omitted). A grant of qualified immunity is appropriate in circumstances in which "the burden of trial is unjustified in the face of a colorable claim that the law on point was not clear when the official took action, [or that] the action was reasonable in light of the law as it was." *Will v. Hallock*, 546 U.S. 345, 126 S.Ct. 952, 959, 163 L.Ed.2d 836 (2006).

When evaluating a claim of qualified immunity, a court must first determine whether the plaintiff alleged the deprivation of a constitutional right. *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); *Aponte–Torres v. Univ. of P.R.*, 445 F.3d 50, 55 (1st Cir. 2006). If a court establishes the violation of a constitutional right, it must then proceed to determine whether that right was clearly established at the time of the alleged violation. *Id.* The Court will analyze each of Plaintiff Torres' claims in turn.

### 1. *Fourteenth Amendment Claim*

Plaintiff Torres argues that Defendants violated his due process rights under the Fourteenth Amendment. The Fourteenth Amendment to the U.S. Constitution provides that no state shall deprive any person of life, liberty or property without due process of law. U.S. CONST. amend. XIV; *see generally Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The Fourteenth Amendment requires that, before a significant deprivation of liberty or property takes place at the state's hands,

the affected individual must be forewarned and afforded an opportunity to be heard "at a meaningful time and in a meaningful manner." *Amsden v. Moran*, 904 F.2d 748, 753 (1st Cir.1990) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)).

Plaintiff Torres was provided a preliminary hearing promptly after his arrest. He was arrested on August 31, 2005, and transported to the First Instance of the Commonwealth of Puerto Rico, Superior Part of Fajardo, where Plaintiff was informed that he was arrested for allegedly violating the Internal Revenue Code of Puerto Rico. The court found probable cause, and scheduled a preliminary hearing. He was released the same day on bail. The preliminary hearing was held on October 11, 2005, at which time the charges against Plaintiff were dropped. In light of these facts, the Court holds that Defendants provided Plaintiff with sufficient procedures following arrest and prior to any trial, and as such Plaintiff has not alleged a violation of his due process rights.

The Court further holds that Plaintiff was not denied substantive due process. A claim is cognizable as a violation of substantive due process "only when it is so extreme and egregious as to shock the contemporary conscience." *McConkie v. Nichols*, 446 F.3d 258, 260 (1st Cir.2006). Plaintiff Torres' arrest and subsequent detainment hardly amounts to conduct on behalf of Defendants that shocks the conscience. Plaintiff Torres was imprisoned only for a period of three hours, and he was permitted to use his cell phone during that time. Accordingly, the Court holds that Plaintiff was not denied substantive due process.

## 2. *Fourth Amendment Claim*

 Plaintiff Torres argues that he was subject to false arrest and imprisonment in violation of his Fourth Amendment rights. The Fourth Amendment prohibits law enforcement officials from engaging in "unreasonable searches and seizures of an individual and his property." U.S. CONST. amend. IV. The Fourth Amendment outlaws arrests without probable cause. *Beck v. Ohio,* 379 U.S. 89, 90–91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Arrests made without probable cause give rise to a cause of action for damages. *See Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (constitutional damage action for unlawful arrest under color of federal law). An arrest warrant complies with the Fourth Amendment if, under the totality of circumstances, there is probable cause to believe the suspect committed the offense. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Hoffman v. Reali,* 973 F.2d 980, 985 (1st Cir. 1992). Probable cause to make an arrest exists where the facts and circumstances of which the arresting officer has knowledge would be sufficient to permit a reasonably prudent person to conclude that an offense has been committed by the person arrested. *United States v. Cruz Jiménez,* 894 F.2d 1, 4–5 (1st Cir.1990).

 Plaintiff Torres was arrested pursuant to a warrant. Defendants provided the arrest warrant as an exhibit to their Motion to Dismiss. Generally, any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56. See Fed.R.Civ.P. 12(b)(6). Courts have made narrow exceptions for documents whose authenticity is not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint. *Watterson v. Page,* 987 F.2d 1, 2–4 (1st Cir.1993). *See, e.g., Romani v. Shearson Lehman Hutton,* 929 F.2d 875, 879 n. 3 (1st Cir.1991) (considering offering documents submitted by defendants with motion to dismiss claim of securities fraud); *Fudge v. Penthouse Int'l, Ltd.,* 840 F.2d 1012, 1014–15 (1st Cir.) (considering allegedly libelous article submitted by defendants with motion to dismiss), *cert. denied,* 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988). The Court takes judicial notice of the existence of a warrant in support of Plaintiff Torres' arrest. However, because the warrant is in the Spanish language, the Court does not take judicial notice of the warrant's contents. *See* Local Rule 10(b).

 Upon his arrest, Plaintiff Torres was immediately taken to the Court of First Instance of the Commonwealth of Puerto Rico, Superior Part of Fajardo, to respond to charges pressed against him. The court found probable cause, and scheduled a preliminary hearing. Plaintiff now contests the validity and probable cause in support of said warrant based on the information provided by Defendant Olivo at the hearing. In particular, Olivo testified at the hearing that he knew the vehicle whose sale Plaintiff Torres helped facilitate was received as a trade-in at the Dorado Branch of Adriel Auto Corporation, and that proper inspection and screening during the exchange did not occur. Defendant Olivo also testified that he knew that the Dorado Branch of Adriel Auto Corporation accepted a car that was not registered in the name of the person who gave it as a trade-in, and that Plaintiff Torres was unaware of this fact. Plaintiff Torres argues that in light of Defendant Olivo's testimony, the arrest warrant should not have been authorized for lack of

probable cause. The Court is provided with no additional information as to the validity or lack thereof of the arrest warrant, or the circumstances surrounding the issuance of the arrest warrant by either Plaintiff or Defendants. Assuming the truth of these allegations, as the Court must under Rule 12(b)(6), the Court denies dismissal of Plaintiff's Fourth Amendment claim. Though two courts have previously determined that probable cause existed to support Plaintiff Torres' arrest, this Court is without adequate information to agree or disagree with those determinations. Further, also due to the lack of information provided regarding the issuance of the arrest warrant, the Court denies qualified immunity to Defendants on this claim at this time.

### 3. First Amendment Claim

 Plaintiff alleges that his rights protected by the First Amendment were violated when he was arrested and imprisoned. Freedom of speech is "protected by the First Amendment from infringement by Congress," and is "among the fundamental personal rights and liberties which are protected by the Fourteenth Amendment from invasion by state action." *Chaplinsky v. New Hampshire,* 315 U.S. 568, 570–71, 62 S.Ct. 766, 768, 86 L.Ed. 1031 (1942) (quotations and citations omitted). The Supreme Court has held that the Constitution sometimes permits greater restriction of First Amendment rights in a prison than it would allow elsewhere. *Turner v. Safley,* 482 U.S. 78, 93, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *see also O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). Plaintiff Torres argues that the mere fact he was arrested and imprisoned restricted his right to free speech. He does not allege any violations of his First Amendment rights beyond the arrest and incarceration themselves. Standing alone, the mere fact that he was arrested and imprisoned is not a violation of his First Amendment rights. Accordingly, Plaintiff Torres' claims of First Amendment violations must be dismissed.

### 4. Fifth Amendment Claim

 Plaintiff states that his Fifth Amendment rights were violated.[1] The Court need not enter extensive analysis as to Plaintiff's Fifth Amendment claims because it has long been established that the Fifth Amendment applies to actions of the federal government, not those of private individuals, nor of state governments. *Public Utilities Commission v. Pollak,* 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952); *Gerena v. Puerto Rico Legal Services, Inc.,* 697 F.2d 447, 449 (1st Cir.1983). There are no federal actors present as parties in this case, nor has any federal action or lack thereof been alleged. Therefore, because the Fifth Amendment is not applicable in the instant case, Plaintiff's Fifth Amendment claims are dismissed.

### 5. Sixth Amendment Claim

 Plaintiff Torres argues that his rights were violated under the Sixth Amendment. The Sixth Amendment guarantees the right to a speedy trial for individuals who are taken into custody on criminal charges. U.S. CONST. amend. VI. To trigger speedy trial analysis, the accused must allege that the interval between accusation and trial is "presumptively prejudicial." *Doggett v. United States,* 505 U.S. 647, 651–52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). The lower courts have generally found postaccusation delay

---

1. Plaintiff argues that the Defendants' failure to show Plaintiff warrants, complaints or other documentation showing probable cause constitutes a Fifth Amendment violation.

"presumptively prejudicial" as it approaches one year. *Id.* at n. 1. Following his August 31, 2005 arrest, after a court determined probable cause existed, Plaintiff Torres was incarcerated for a period of approximately three hours before being released on bail. A preliminary hearing was held on October 11, 2005, at which time the case against Plaintiff Torres was dismissed. The Court holds that no Sixth Amendment violation exists because Plaintiff Torres had no right to a speedy trial once the criminal complaint against him was dismissed.

### 6. *Eighth Amendment Claim*

Plaintiff Torres argues that his rights were violated under the Eighth Amendment. The Eighth Amendment states that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend VIII. The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citations omitted); *see Giroux v. Somerset County,* 178 F.3d 28, 31–32 (1st Cir.1999). Prison officials have a duty to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). The Eighth Amendment is binding upon states under the Due Process Clause of the Fourteenth Amendment. *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962); *Giroux,* 178 F.3d at n. 7.

Plaintiff Torres alleges that he was held in a dirty cell filled with urine and blood for a period of three hours. During that time, he was ridiculed and mocked by the arresting officers. After twenty minutes of incarceration, he was handed his cellular phone to make phone calls to his wife and parents. The Court holds that Plaintiff's allegations do not rise to the level of cruel and unusual and thus he has not alleged a claim under the Eighth Amendment.

### 7. *Ninth and Tenth Amendment Claims*

Plaintiff argues that because he was searched and seized by Defendants, Defendants violated his right to privacy under the Ninth Amendment. The Ninth Amendment states that the "enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people," but the Amendment "does not create substantive rights beyond those conferred by governing law." U.S. CONST. amend. IX; *Vega–Rodríguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 182 (1st Cir.1997) (finding that individual privacy claims in the workplace had no constitutional basis in Ninth Amendment). Plaintiff Torres' cannot bring a claim under Section 1983 based on the Ninth Amendment because the Ninth Amendment does not grant any substantive rights. Plaintiff's Ninth Amendment claims are therefore dismissed.

Likewise, Plaintiff's Tenth Amendment claims are dismissed. The Tenth Amendment concerns the constraint and permissiveness of federal power in relation to the states. Tenth Amendment jurisprudence is focused in three primary areas: (1) federal taxation, *New York v. United States,* 326 U.S. 572, 66 S.Ct. 310, 90 L.Ed. 326 (1946); (2) federal police power, *Hodel v. Virginia Surface Mining & Reclamation Ass'n, Inc.,* 452 U.S. 264, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981); and

(3) federal power to regulate state activities and instrumentalities, *New York v. United States,* 505 U.S. 144, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992). The instant case does not involve the federal government or otherwise implicate the Tenth Amendment, and is accordingly dismissed.

## 8. *State Law Claims*

Plaintiff Torres argues that the facts alleged in his Complaint constitute violations of his rights under the Constitution of the Commonwealth of Puerto Rico, Article II, Sections 1, 4, 7 and 8, and Articles 1802 and 1803 of the Civil Code of Puerto Rico of 1930. Defendants argue that pretrial termination of federal-law claims forces dismissal of pendant state-law claims in the absence of any other cognizable basis for federal jurisdiction. Because the Court has not dismissed all of Plaintiff Torres' federal law claims, the Court will continue to exercise supplemental jurisdiction over his state-law claims.

## IV. *CONCLUSION*

The Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss. The Court will enter judgment dismissing with prejudice Plaintiff's Section 1983 claims for violations of the First, Fifth, Six, Eighth, Ninth, and Tenth Amendments. Plaintiff's Section 1983 claims for violations of the Fourth Amendment and Plaintiff's state law claims remain before the Court.

**IT IS SO ORDERED.**