Rene QUILES–RIVERA, Petitioner

v.

Carlos GONZALEZ, et al., Respondents.

Civil No. 04–2122 (JP).

United States District Court, D. Puerto Rico.

June 5, 2007.

René Quiles–Rivera, Manatí, PR, pro se, Plaintiff.

Ana M. Margarida–Juliá, Esq., Department of Justice, San Juan, PR, for Defendants.

### OPINION AND ORDER

PIERAS, Senior District Judge.

The Court has before it Respondent Carlos González–Rosario's "Motion to Dismiss Petition for *Habeas Corpus*" (No. 13), as well as Petitioner René Quiles–Rivera's ("Quiles") response thereto (No. 22). In their Motion, Respondents argue that Petitioner's petition for a writ of *habeas corpus* should be dismissed since no federal constitutional right violation exists. For the following reasons, the Court **GRANTS** Respondents' Motion to Dismiss **(No. 13).**

## II. FACTUAL BACKGROUND

Petitioner René Quiles–Rivera is a convicted felon residing in the Maximum Security Unit at the Ponce Correctional Institution in Puerto Rico. A jury found him guilty of first degree murder and domicile robbery, among other charges, and on August 10, 2000, he was sentenced to a total of one hundred and fifty-six years in prison by the Superior Court of First Instance of Puerto Rico, Arecibo Part. During the trial, Petitioner tried to introduce the testimony of a co-defendant charged for the same crimes as exculpatory evidence. The prosecution objected, stating that Petitioner had not complied with the rules to announce an alibi defense prior to trial. Said testimony was not allowed.

Petitioner alleges that he is being held in custody in violation of his constitutional rights since he was not given a fair and impartial trial due to ineffective assistance of counsel during the trial. He claims that his counsel failed to comply with the alibi rule and adequately pursue his alibi defense, and as a result his alleged alibi witness was excluded as exculpatory evidence during the trial. Petitioner further alleges that his counsel did not object to the identification made by a witness during pretrial proceedings when the witness was allegedly allowed to see him in open court as the accused. The witness thereafter identified him as the person who committed the crime.

Petitioner filed an unsuccessful writ of appeal with the Circuit Court of Appeals for the Commonwealth of Puerto Rico, Regional Circuit III of Arecibo/Utuado. Petitioner did not appeal the Circuit Court's judgment to the Supreme Court of Puerto Rico, thus making it final and unappealable as of January 12, 2002. On October 9, 2002, Petitioner filed a petition for *habeas corpus* with the Court of First Instance, alleging ineffective assistance of counsel. The Petition was denied, and Petitioner appealed to the Circuit Court of Appeals, which also denied his petition. Petitioner filed an additional appeal to the Supreme Court of Puerto Rico requesting that both judgments denying his *habeas corpus* petition be vacated. The Supreme Court considered the appeal but denied it on its merits. On October 18, 2004, the Petitioner filed the present petition for *habeas corpus*.

## III. LEGAL FRAMEWORK AND ANALYSIS

### A. Legal Standard for a Motion to Dismiss

According to the Supreme Court, a "court may dismiss a complaint only if it is

clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002). Moreover, according to the First Circuit, the Court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992). In addition, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González–Pérez v. Hospital Interamericano De Medicina Avanzada*, 355 F.3d 1, 5 (1st Cir.2004). Finally, under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

### B. Habeas Corpus Standard

A petition for writ of *habeas corpus* may be brought forth by a person in custody pursuant to the judgment of a state court if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A writ may not be granted unless the petitioner satisfies certain requirements, including showing (i) that he or she has exhausted the remedies available in the courts of the state, (ii) that there is an absence of available state corrective process, or (iii) that circumstances exist that render the process ineffective to protect his or her rights. 28 U.S.C. § 2254(b). An *habeas corpus* petition may not be granted by a federal court with respect to any claim that was adjudicated on the merits in state court, unless the state court decision (1) was contrary to, or involved an unreasonable application of clearly established federal law; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). Following this same reasoning, Section 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgement of a State court, a determination of a factual issues made by the State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

If the petitioner is unable to prove the unreasonableness of his conviction or sentence in state court, the court shall not hold an evidentiary hearing unless Petitioner shows that (A) his claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. See 28 U.S.C. § 2254(e)(2).

### IV. ANALYSIS

Petitioner alleges that his attorney was ineffective in his trial before the Superior Court of First Instance of Puerto Rico, Arecibo Part. He argues that his attorney failed to comply with the alibi rule and adequately pursue his alibi defense, as a result of which his alleged alibi witness was excluded as exculpatory evidence during the trial. He further alleges that his attorney did not object to the identification made by a witness during pretrial proceedings, when the witness was allegedly al-

lowed to see him in open court as the accused, prior to being interviewed. Petitioner alleges that this resulted in the witness being able to identify him as the person who committed the crime.

■ Respondent argues that Petitioner is trying to re-litigate issues that have already been vented before the state courts. An *habeas* petition may be granted if the state court applies a legal rule that contradicts an established Supreme Court precedent or reaches a different result on facts materially indistinguishable from those of a controlling Supreme Court precedent. A state court decision must be unreasonable, as opposed to merely incorrect, before a federal court can grant *habeas* relief. *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In *Sanna v. Dipaolo,* 265 F.3d 1 (1st Cir.2001), the First Circuit ruled that federal courts are not free to grant *habeas* relief simply because they disagree with the outcome of a state's adjudication. Rather, for the writ to issue, the state court decision "must be so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible options." *Id.* at 13 (internal quotations omitted).

■ In the present case, Petitioner has not demonstrated that the state courts' decisions constituted the type of egregious and unconscionable error for *habeas corpus* to proceed before this Court. In reviewing both the decision of the Circuit Court of Appeals for the Commonwealth of Puerto Rico, and the decision of the Supreme Court of Puerto Rico, this Court finds that those decisions are not unreasonable or offensive, but rather are rational and thoughtful. For instance, in its Opinion, the Circuit Court of Appeals explained that Petitioner was able to bring forth two alibi witnesses who both declared that on the day of the murder and

robbery, Petitioner was at the hospital with his partner who was giving birth. No. 20–2. Notwithstanding, the jury did not give credibility to the evidence of alibi. Also, Petitioner tried to present the testimony of José A. Matos-de Jesús, alias Churko, the other person who participated in the murder and robbery. No. 20–2. This witness was likewise brought to declare that Petitioner was not present at the time of the crime. The State objected to its admission, alleging that it was evidence of alibi that was not previously notified. The trial court denied its admission. No. 20–2. The Circuit Court of Appeals held that Petitioner did not rebut the deference given to the trial court's decision, and did not show that the trial court acted with manifest error, passion, prejudice, or partiality. No. 20–2. On the contrary, the Circuit Court of Appeals held that the sentence was sustained because of the appreciation and credibility that the jury gave to the evidence offered by the State. The testimony of the prosecutor's witnesses evidenced the guilt of Petitioner beyond a reasonable doubt. No. 20–2.

The Supreme Court of Puerto Rico likewise reviewed Petitioner's petition of certiorari on the merits and denied it. No. 20–4. The Supreme Court of Puerto Rico considered the standard for ineffective counsel as set forth by the United States Supreme Court. In *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1994), the United States Supreme Court established that when asserting an ineffective assistance of counsel claim, a petitioner must first show that the counsel's performance was deficient by showing that the errors made by counsel were so serious that he or she was not functioning as the effective legal representative guaranteed by the Sixth Amendment. Then the petitioner must prove that this deficient performance prejudiced the defense. *Id.* After considering Petitioner's allegations, the Supreme Court of

Puerto Rico held that even assuming errors were made as a consequence of inadequate legal representation, "the granting of the remedy requested [by Petitioner] is improper since the same was not of such a kind that with a reasonable probability it would have produced a different result in the criminal process." No. 20–4.

Petitioner's current Petition before this Court presents the same allegations as those deliberated by the Circuit Court of Appeals and the Supreme Court of Puerto Rico. Petitioner's allegations have already been presented and resolved before those courts, and the respective decisions by those courts are reasonable. Having determined reasonableness, the Court refrains from engaging in further analysis.

## V. CONCLUSION

In light of the aforementioned analysis, the Court hereby **GRANTS** Respondents' Motion to Dismiss (**No. 13**).

**IT IS SO ORDERED.**