**OUTDOOR MEDIA DISPLAY POST- ERS, INC., D/B/A Viacom Out- door, Plaintiff,**

v.

**Carlos NEGRON ROCHE, et als., Defendants**

**No. 04–1879(JP).**

United States District Court, D. Puerto Rico.

Oct. 25, 2004.

Frank La–Fontaine–Maestre, Esq., McConnell Valdés, San Juan, PR, for Plaintiff.

Jorge A. Fernández–Reboredo, Esq., Rivera & Fernández Reboredo PSC, Ana M. Margarida–Juliá, Esq., Department of Justice, Commonwealth of Puerto Rico, San Juan, PR, for Defendant.

## OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

Before the Court is Plaintiff's Outdoor Media Display Posters, Inc., d/b/a Viacom Outdoor's "Urgent Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law in Support" (**docket No. 3**) and Plaintiff's "Supplemental Memorandum Regarding the Court's Jurisdiction and Potential Abstention Concerns" (docket No. 4); Defendants Puerto Rico Tourism Company's "Motion to Dismiss" (**docket No. 9**) and Plaintiff's reply thereto (docket No. 15).

Plaintiff seeks a Temporary Restraining Order, a Preliminary as well as a Permanent Injunction to prevent the Puerto Rico Tourism Company and the other Defendants herein from seeking, issuing or enforcing a threatened order that could revoke their client's alleged lawful permits that allowed the construction and installation of a billboard located at 1106 Ashford Avenue in the heart of the tourism district.

For the foregoing reasons, Plaintiff's requests are hereby **DENIED**.

## II. JURISDICTION

Plaintiff has brought forth this action seeking injunctive relief to enjoin the Puerto Rico Tourism Company (hereinafter, "PRTC") its planning director Carlos Negrón Roché, the Puerto Rico Regulations and Permits Administration (hereinafter, "ARPE"), its administrator Luis Vélez Roché, and its deputy administrator Ramón Ayala from interfering with a billboard located in Plaza las Nereidas, located at the intersection of Ashford and Magdalena Avenues. Plaintiff's claims arise under 42 U.S.C. § 1983 and alleged violations of their First Amendment rights, as applied through the Fourteenth Amendment. This Court therefore has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331 (West 2004).

## III. LEGAL STANDARD

According to the Supreme Court, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (citation omitted). Moreover, according to the First Circuit, the Court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992). In addition, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González–Pérez v. Hospital Interamericano De Medicina Avanzada*, 355 F.3d 1, 5

(1st Cir.2004) (citations omitted). Finally, under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## IV. FINDINGS OF FACT

From the documents presented by the parties, the Court enters the following findings of fact:

1. On May 16, 2002, ARPE approved a construction permit for a billboard structure located at 1106 Ashford Avenue (hereinafter, the "billboard" or the "Condado billboard").

2. On May 28, 2002, ARPE issued the aforementioned construction permit.

3. On June 9, 2003, ARPE approved the installation permit for the billboard at issue.

4. In August 2003, an advertisement for American Express was placed on the Condado billboard.

5. On September 18, 2003, a one year contract was signed with Corporate Communications.

6. Said contract was for the product Viagra, manufactured by Pfizer, and was to run from November 1, 2003 until October 31, 2004.

7. In March 2004, Ms. Victoria Rodríguez, an employee of Viacom, received a telephone call from Víctor Rivera, an ARPE inspector, requesting that Viacom remove the Viagra billboard.

8. Mr. Rivera was under orders from a Mr. Wilfredo Soto and co-Defendants Vélez and Ayala.

9. Ms. Rodríguez requested the information be confirmed in writing so as to be able to explain to her client the request that the advertisement be removed.

10. In March 2004, Viacom installed a billboard ad for Calvin Klein for a ten (10) month term, which was installed March 15, 2004.

11. Mr. Rivera informed Ms. Rodríguez that the Calvin Klein ad was considered inappropriate.

12. He also informed her that the Tourism Company objected to both the Viagra and the Calvin Klein ads and recommended that Viacom deal directly with the Tourism Company.

13. On April 23, 2004, the Tourism Company formally requested an investigation of the Condado billboard.

14. Viacom was notified of this request via letter on April 27, 2004.

15. The letter stated that an ARPE investigation had confirmed certain regulatory violations in the permit process and that they were therefore investigating the matter.

16. Viacom attempted to remedy the situation directly with PRTC through letters and meetings.

17. Throughout June and July 2004, ARPE held hearings to determine the issue of the alleged permit violations.

18. To date, ARPE has not reached a final determination regarding the alleged permit violations.

## V. ANALYSIS

At the outset, the Court makes clear that it is only analyzing the limited issue of the ripeness claim, and therefore the facts as they pertain only to that claim and not on the merits of the case, since the Court finds that the ripeness issue is dispositive of this case at this time.

As is commonly known, the ripeness doctrine deals with whether the case is

ready to be adjudicated by the Court. The doctrine of ripeness has roots in both the Article III case or controversy requirement and in prudential considerations. *See R.I. Ass'n of Realtors,* 199 F.3d at 33 (*citing Pub. Serv. Comm'n v. Wycoff Co.,* 344 U.S. 237, 242–44, 73 S.Ct. 236, 97 L.Ed. 291 (1952)). When a Court undertakes a ripeness determination, it must examine "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

As is well known, the inquiry into fitness is both a constitutional and a prudential one. The constitutional inquiry, grounded in the prohibition against advisory opinions, is one of timing. *Reg'l Rail Reorganization Act Cases,* 419 U.S. 102, 140, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974). "[I]ts basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs.,* 387 U.S. at 148, 87 S.Ct. 1507, 18 L.Ed.2d 681. The concern is whether resolution of the dispute should be postponed in the name of "judicial restraint from unnecessary decision of constitutional issues." *Reg'l Rail Reorganization,* 419 U.S. at 138, 95 S.Ct. 335, 42 L.Ed.2d 320; if elements of the case are uncertain, delay may see the dissipation of the legal dispute without need for decision. By contrast, the inquiry into hardship is wholly prudential. *See generally* 1 L. Tribe, *American Constitutional Law* § 3–10 (3d ed.2000).

The Court does not believe this case is ready for adjudication at this time. Applying the aforementioned criteria, the Court finds that at this time, certain elements of the case are uncertain. For instance, while there are allegations of possible unconstitutional behavior before it, the rationale provided by the Tourism Company and ARPE for their actions does not ring hollow; that they are examining the method by virtue of which the permits in question were granted. As the parties were advised in the meeting held in chambers on August 24, 2004, this issue of possible violations in the permit process is not new to this Court. *See Muñoz Arill v. Maiz,* 992 F.Supp. 112 (D.Puerto Rico 1998) (Pieras, J.). The Court believes that abstaining from deciding the constitutionality of the issues before it could see the dissipation of this legal dispute without need for the Court's decision on this matter. The Court therefore agrees with Defendants on this limited issue: that the outcome of the ARPE proceedings might render this whole case moot, and therefore, at this juncture, it finds that the case does not meet the requirements for a ripe case.

Moving on to the prudential hardship consideration, the Court further finds that Plaintiffs are not affected by Defendants' actions *at this time.* While it is true that they have had to attend hearings to defend their permits, the billboard in question has not been seriously affected. That is to say, a *status quo* has been preserved, *where the billboard in question has continued to operate.* Therefore, no substantial hardship will result to the parties from the Court withholding consideration of the Constitutional issues before it at this time.

The cases cited by Plaintiff in support of the ripeness allegation are inapposite. *Maldonado v. Harris,* 370 F.3d 945 (9th Cir.2004) involved a billboard owner's claims that the California code that regulated outdoor advertising was unconstitutional. Because of his continuing violations to the statute, plaintiff therein had an injunction entered against him, and therefore, the threat of enforcement had already been carried out. *Id.* at 954. In other words, in that case, plaintiff Maldonado could not legally act without violating

the injunction and being found in contempt. *Id.* at 954. The case was therefore ripe for adjudication, since enforcement of the law had already been effected. *See also City of Auburn v. Qwest Corp.,* 260 F.3d 1160, 1171 (9th Cir.2001) ("If [p]romulgation of the challenged regulations present[s] plaintiffs with the immediate dilemma to choose between complying with newly imposed, disadvantageous restrictions and risking serious penalties for violation, the controversy is ripe") *citing Reno v. Catholic Soc. Servs., Inc.,* 509 U.S. 43, 57, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993). The Ninth Circuit held that "this reasoning is particularly true when the regulations are burdensome and immediate". *Id.*

In this case, the Court cannot find that the regulations in the case at bar have been "burdensome and immediate". For one thing, Plaintiff has continued to operate the billboard in question. And as far as the Court can tell, a hearing has been held to determine the validity of permits issued; permits that were issued by an agency that has long been plagued with allegations of irregularities in the permit granting process. *Muñoz Arill,* 992 F.Supp. 112; *see also Suárez Cestero v. Pagán Rosa,* 996 F.Supp. 133, 137 (D.Puerto Rico 1998).

As far as the Court can tell, at this stage of this case, an investigation of the permit process is not unreasonable or unduly burdensome. Furthermore, no disadvantageous restrictions or serious violation penalties have ever been mentioned. Therefore, unlike *Maldonado,* the Court finds that this case is unripe.

*Carpinteria Valley Farms v. County of Santa Barbara,* 344 F.3d 822 (9th Cir. 2003) dealt with a developer who faced a number of requirements and delays for his planned development, which were imposed on him but not on other developers. The Court therein found that serious injury had been caused to the plaintiff due to the restrictions imposed, which prevented him from developing his property for nine years while he waited the permits in question to be issued. *Id.* at 831. The Ninth Circuit further found that plaintiff therein had been deprived of the effective commercial use of his land. *Id.* at 831. Again, that is not the case here, where Plaintiff maintains full use and enjoyment of the billboard in question.

Finally, *Peachlum v. City of York,* 333 F.3d 429 (3d Cir.2003) involved a resident who had been cited on countless occasions for a period spanning ten years, for violations to the city's ordinance regarding lawn signs. That Court distinguished between injuries suffered during the pendency of the agency determinating process and injuries suffered after the agency determination process had concluded. Regarding pre-agency determinations, it held that ... "where a party suffers a concrete injury prior to final administrative disposition, such as fines or unreasonable appeal fees, the claim may be considered sufficiently ripe". *Id.* at 437.

As the Court has already explained, it cannot see how Plaintiffs have suffered "concrete injury" of the magnitude in *Peachlum at this time,* seeing that the billboard at issue still stands and is being used for the very purpose for which it was erected.

While the Court is mindful and agrees with Plaintiff's argument—that their commercial speech is protected by the First Amendment—it is also cognizant that commercial speech does not receive the full range of First Amendment protection, but rather, falls under a more limited sphere of protection. *Central Hudson Gas v. Public Service Comm'n.,* 447 U.S. 557, 563, 100 S.Ct. 2343, 2350, 65 L.Ed.2d 341 (1980). At this time, the Court is wary of

entering into constitutional questions that could possibly be resolved by the administrative proceeding currently underway. After the administrative proceedings have terminated, should Plaintiff suffer an adverse result, it is free at that moment to petition this Court for relief, as its claim will be ripe for adjudication at that time. Until that time, this case is **DISMISSED WITHOUT PREJUDICE.**

## VI. CONCLUSION

In light of the aforementioned analysis, the Court therefore **DENIES** Plaintiff's "Urgent Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law in Support" (**docket No. 3**) and their "Supplemental Memorandum" in support thereof (**docket No. 4**), and, finding the case unripe at this time, therefore **DISMISSES** this case at this time, **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**