Blanca MEDINA DIAZ,
et al., Plaintiffs

v.

Orlando GONZALEZ RIVERA,
et al., Defendants

No. CIV.04–2074(JP).

United States District Court,
D. Puerto Rico.

May 25, 2005.

Jesús M. Hernández–Sánchez, Esq., Fredeswin Pérez–Caballero, Esq., Hernán-dez Sánchez Law Firm, San Juan, PR, for Plaintiffs

Anabelle Quiñones–Rodríguez, Esq., Department of Justice of the Commonwealth of P.R., San Juan, PR, for Defendants.

### *OPINION AND ORDER*

PIERAS, Senior District Judge.

## I. INTRODUCTION

The Court has before it Defendants' "Motion to Dismiss Defendants Zayas and Morales [1]" dated January 14, 2005 (docket No. 5), and Plaintiffs' Opposition thereto (docket No. 8). Appearing Defendants seek dismissal of Plaintiffs' case for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Blanca Medina alleges constitutional violations under the First, Fifth, and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff alleges that she suffered political discrimination in violation of their equal protection and due process rights. Co–Plaintiffs Juan A. Ramos (Plaintiff Medina's husband) and Frankie Ramos–Medina and Juan C. Ramos–Medina (the couple's children) invoke the Court's supplemental jurisdiction to bring tort claims for their mental anguish. For the foregoing reasons, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' "Motion to Dismiss".

## II. LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiew-*

---

1. The Motion to Dismiss was also joined by co-Defendant Victor Maldonado (docket No. 11).

*icz v. Sorema N. A.,* 534 U.S. 506, at 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Moreover, according to the First Circuit, the Court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 997 (1st Cir.1992). In addition, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *Gonzalez–Perez v. Hospital Interamericano De Medicina Avanzada,* 355 F.3d 1, at 5 (1st Cir.2004). Finally, under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## III. FACTUAL ALLEGATIONS

A. Plaintiff Mrs. Blanca Medina Díaz is a member of the New Progressive Party (NPP).

B. All Defendants are members of the Popular Democratic Party (PDP).

C. On November of 2000, the PDP won the election in Puerto Rico and a new administration identified with such party took control of the government and its agencies, including the Administration of Socioeconomic Development of the Family (ADSEF).

D. Plaintiff Blanca Medina Díaz was an employee of ADSEF, with a career position with tenure as Executive Director III and a monthly salary of $2,724.00, with a monthly differential of $210.00, before she was demoted from her post.

E. In her position as Executive Director III, Plaintiff Blanca Medina directed several programs in AD-SEF, which included the Food Distribution Program, Food Warehouse, Child Care Program and the agency's child care center.

F. As soon as the new administration controlled by the PDP came to power, Plaintiff was persecuted because of her political affiliation. To follow are several examples of Defendants' persecution against Plaintiff Medina:

1. Plaintiff was stripped of the cellular phone she had been assigned, which was essential to the work she performed. As a consequence, she had to use her personal cellular phone for official purposes, which incremented her monthly cellular bill.

2. Plaintiff was not invited to official meetings related to her work.

3. The matters related to the programs plaintiff directed were channeled by the administration through other employees that were in lower positions than Plaintiff and without her knowledge.

4. Plaintiff was stripped of her supervisory and decisional powers.

5. Her differential was eliminated without notice and without a valid reason.

G. On or about August 17, 2001, Plaintiff received a letter signed by Orlando González Rivera, former Administrator of ADSEF, demoting her from her position as Executive Director III, to her former position as Executive Director II. This demotion was ordered after the PDP won the election on November 2000, and a new administration from such political party came to power. The excuse given to Plaintiff for her demotion was that the post of Execu-

tive Director III, which she occupied, did not have a "post number". This demotion would not have taken place but for the fact that Plaintiff is a member of the NPP.

H. When Plaintiff was demoted, she was stripped of all the programs she directed, except for the Child Care Program.

I. Co–Defendant Gretchen Coll Martin substituted co-Defendant González Rivera as Administrator of ADSEF after the latter resigned from his post. Co–Defendant Coll Martin continued the discriminatory policy implemented by co-Defendant González Rivera against Plaintiff and has not reinstated her to her position as Executive Director III.

J. Plaintiff was substituted in her functions by co-Defendant Juan Santana Ortiz, who is also a member of the PDP. Mr. Santana Ortiz was appointed by the administration as Executive Director II, but was soon promoted to Executive Director III. As soon as he was appointed to the position of Executive Director II, he was assigned a cellular phone and awarded a differential in his salary, even though Plaintiff, who occupied the same position, had been stripped of both. Co–Defendant Santana Ortiz was assigned to direct all the programs that Plaintiff Medina previously directed and was stripped of when she was demoted.

K. Defendant Yolanda Zayas is the Secretary of the Department of the Family, the parent agency to which ADSEF is affiliated. Co–Defendant Zayas is also a member of the Popular Democratic Party. She has the policy of discriminating against members of the New Progressive Party and such policy was carried out when Plaintiff was demoted from her post as Executive Director III. In the alternative, Defendant Zayas failed to perform the supervisory duty to prevent Plaintiff's demotion, which took place solely for political reasons. This co-Defendant appointed González Rivera and co-Defendant Coll Martin to their positions as Administrators of ADSEF. Both followed her policy of discrimination in recruitment, transfers and demotions against employees, members of the NPP.

L. Co–Defendants Víctor Maldonado and María Isabel Morales were appointed to conduct a hearing due to Plaintiff's demotion. These co-Defendants conducted a sham hearing on August 2001 and have delayed their decision on purpose, to benefit co-Defendant Juan Santana Ortiz, a member of the PDP, who replaced Plaintiff.

M. Plaintiff was fully qualified for the position of Executive Director III having occupied such position since September 7, 2000, when she was appointed to such post without opposition, after having occupied the position of Executive Director II since 1995. Plaintiff was also a regular employee in the position of Executive Director III.

N. Plaintiff, as Executive Director III, did not make public policy which would require her to be a member of the PDP.

O. Plaintiff had never been the object of any corrective action on the part of her employer. Plaintiff had always rendered her services in a satisfactory manner and was fully qualified to do so.

P. Plaintiff had a proprietary interest in her position as Executive Director III.

Q. Plaintiff was demoted to a position different to which she was entitled and because of that, she will receive a lower salary, consisting of a monthly salary of $521.00 less than in her position as Executive Director III. Plaintiff's demotion constituted a constructive discharge.

R. That Plaintiff reported to work again on May 16, 2003 to the post of director of the Child Care Program, the post that was assigned to her after her demotion. So far, Defendants have continued their discriminatory conduct against her, observing the following conduct:

1. The parking space that was assigned to her was reassigned to another person and no new parking space has been assigned to her. The administration has given the excuse that there are no available spaces even though other employees in lower positions than Plaintiff have been assigned parking spaces after she returned to work. She is currently paying parking services which are costing her $9.15 a day. Plaintiff requests from Defendants the payment of $9.15 per day as special damages.

2. The office that she had before going on sick leave, was taken away from her. She was not assigned to any functions for several days and had to sit on a small desk. Finally, she was assigned a small cubicle, even though at the time there was an office that could have been assigned to her.

## IV. CONCLUSIONS OF LAW

### A. Failure to State a Political Discrimination Claim Under § 1983.

The appearing Defendants argue that Plaintiff Blanca Medina has failed to allege any action or inaction by the appearing co-Defendants within the scope of their responsibility that would make them personally answerable in damages under § 1983. The Court disagrees with Defendants.

In order to state a claim cognizable under Section 1983, a plaintiff must allege "that some person has deprived [her] of a federal right." *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). To prevail in an action brought under 42 U.S.C. § 1983, a plaintiff must satisfy two prongs. First, she must prove that she was deprived of a right, immunity, or privilege secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir. 1985). Second, she must have been deprived of his right, immunity or privilege, by a person acting under color of state law. *Id.*

As Plaintiff Medina alleges in the Complaint, co-Defendants Víctor Maldonado and María Isabel Morales were government employees appointed to conduct a hearing due to Plaintiff's demotion on August, 2001; Plaintiff expressly alleges that the hearing was a sham and that they have delayed their decision on purpose, to benefit co-Defendant Juan Santana Ortiz, a member of the PDP, who replaced Plaintiff. Moreover, Plaintiff alleges that co-Defendant Zayas has a "policy of discriminating against members of the New Progressive Party" and that "such policy was carried out when Plaintiff was demoted

from her post as Executive Director III." It is further alleged that Zayas failed to perform her supervisory duty to prevent Plaintiff's demotion, which allegedly took place solely for political reasons, and that she appointed people in furtherance of her policy of discrimination. All of this plainly states a claim of discrimination based on political animus.

Accepting as true the facts in the Complaint and drawing all reasonable inferences in favor of Plaintiff Medina's allegations, the Court **FINDS** that Plaintiff has alleged sufficient facts to sustain a claim for political discrimination under the First Amendment. Therefore, a § 1983 claim for which relief can be granted has been sufficiently pleaded by Plaintiff. Pursuant thereto, the Court hereby **DENIES** Defendants' Motion to Dismiss on these grounds.

### B. Failure to State a Due Process Violation.

■ The appearing Defendants also argue that no due process violation is alleged in the Complaint, given that Plaintiff Medina admits that she was afforded a hearing. The Court disagrees with this argument.

■ The due process clause of the Fifth and Fourteenth Amendments forbid any state from "depriv[ing] any person of life, liberty, or property without due process of law." To prevail in a § 1983 action alleging deprivation of procedural due process, a plaintiff must prove "that the conduct complained of deprived the plaintiff of a cognizable property interest" without due process. *See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420; *Lowe v. Scott,* 959 F.2d 323, 334 (1st Cir.1992); *Torres Rosado v. Rotger Sabat,* 204 F.Supp.2d 252, 263 (D.Puerto Rico 2002) (Pieras, J.).

■ Under the due process clause of the Fourteenth Amendment, persons who possess a property interest in continued public employment cannot be deprived of that interest without due process of law. *See U.S. Const. Amd. XIV; Kauffman v. Puerto Rico Tel. Co.,* 674 F.Supp. 952 (D.Puerto Rico 1987); *see also Torres Rosado,* 204 F.Supp.2d 252, 263. At a minimum, due process rights entitle such individuals to "notice and a meaningful opportunity to respond" prior to termination. *Kercado–Melendez v. Aponte–Roque,* 829 F.2d 255, 263 (1st Cir.1987). The Constitution does not create property interests; instead, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law ...." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Puerto Rican law grants a property interest in employment to career employees. *See Kauffman v. Puerto Rico Tel. Co.,* 841 F.2d 1169, 1173 (1st Cir.1988).

The Complaint in the instant case expressly emphasizes Plaintiff Medina's status as a career employee with a property interest in her job. The Complaint also sets forth a series of allegations detailing how Plaintiff's duties and privileges were unilaterally curtailed by Defendants. The Complaint also includes allegations that the hearing afforded to Plaintiff Medina and presided over by co-Defendants Maldonado and Morales was a "sham," and that their decision on the outcome of said hearing was delayed in order to benefit another member of the PDP, co-Defendant Santana Ortiz.

Accepting as true the facts in the Complaint and drawing all reasonable inferences in favor of Plaintiff Medina's allegations, the Court **FINDS** that a procedural due process claim for which relief can be granted has been sufficiently pleaded by Plaintiff. Pursuant thereto, the Court

hereby **DENIES** Defendants' Motion to Dismiss on these grounds.

### C. Failure to State an Equal Protection Violation.

In the instant case, Plaintiff bases her equal protection clause claim on that Plaintiff has been denied "the equal protection of laws in violation of his rights as secured under the Fifth and Fourteenth Amendments of the United States Constitution." (Complaint ¶ 31). Plaintiff, however, does not allege anywhere in the complaint how she was treated differently than others similarly situated. Plaintiff may be basing her equal protection claim on her political affiliation and if so, she did not state it anywhere in the complaint. However, even if Plaintiff had stated it in the Complaint, she has already invoked the protection of the First Amendment for the alleged patronage actions based on her political affiliation and therefore there is no need to analyze this claim under the equal protection clause. To this effect this Court has indicated that

> Indeed, the United States Courts of Appeals for the First Circuit has specifically noted the overlapping nature of the protections provided by the Fourteenth Amendment's Equal Protection Clause and the First Amendment's implied freedom of association in the context of political discrimination. [Plaintiff] has no need for protection under the equal protection clause. His equal protection theory is simply that, in addition to violating his First Amendment rights, the denial of permits in purported retaliation for his political expression violated his equal protection rights as well. Given the overlap of these claims... we see little basis or justification for applying equal protection analysis... *Davila Aleman v. Feliciano Melecio*, 992 F.Supp. 91, 102 n. 12 (D.Puerto Rico 1997) (Pieras, J.), *citing Nestor Colon Medina &*

*Sucesores, Inc. v. Custodio*, 964 F.2d 32, 45 (1st Cir.1992).

Because Plaintiff has already successfully pled a claim under § 1983 for political discrimination based on political affiliation in violation of her First Amendment rights and which overlaps with her equal protection claims, the Court **GRANTS** Defendants' motion on these grounds and hereby **DISMISSES WITH PREJUDICE** Plaintiff's equal protection claims.

### D. Failure to State Fifth Amendment Violation.

 Defendants also move to dismiss Plaintiff's Fifth Amendment due process claims because the Fifth Amendment applies to actions by the federal government. It has long been established that the Fifth Amendment applies to actions of the federal government, not those of private individuals, nor of state governments. *Public Utilities Commission v. Pollak*, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952); *Gerena v. Puerto Rico Legal Services, Inc.*, 697 F.2d 447, 449 (1983).

There are no federal actors present as parties in this case, nor has any federal action or lack thereof been alleged. Therefore, because the Fifth Amendment is not applicable in the instant case, the Court hereby **GRANTS** Defendants' Motion to Dismiss on these grounds and **DISMISSES WITH PREJUDICE** Plaintiff's Fifth Amendment claims.

### E. Supplemental Claims.

Defendants have also moved to dismiss the supplemental claims made by co-Plaintiffs Juan Ramos, Frankie Ramos Medina, and Juan C. Ramos Medina because there is no federal claim present. However, the Court has found, at this stage, that federal claims have been properly pleaded.

Therefore, the Court **DENIES** Defendants' Motion to Dismiss on these grounds.

### F. Qualified Immunity.

 The appearing co-Defendants argue that they are entitled to qualified immunity. The judge-made test to determine if a public official is entitled to the qualified immunity defense is comprised of three parts: "(1) whether plaintiff's allegations, if true, establish a constitutional violation; (2) whether the constitutional right at issue was clearly established at the time of the putative violation; and (3) whether a reasonable officer, situated similarly to the defendant, would have understood the challenged act or omission to contravene the discerned constitutional right." *Limone v. Condon*, 372 F.3d 39, 44 (1st Cir.2004); *see also Mihos v. Swift*, 358 F.3d 91, 102 (1st Cir.2004). Defendants argue that Plaintiff has failed to satisfy the first two prongs of the qualified immunity test, and that therefore the appearing Defendants are entitled to qualified immunity.

In the case at bar, Plaintiff has raised allegations regarding potentially discriminatory treatment. In other words, Plaintiff has alleged that Defendants acted with a politically discriminatory motive when they allegedly constructively demoted her, lowered her salary, and stripped her of certain perquisites. The Court finds that Plaintiff has alleged sufficient facts to sustain a claim for political discrimination under the First Amendment. *See Agosto–de–Feliciano v. Aponte–Roque*, 889 F.2d 1209 (1st Cir.1989); *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Nieves–Villanueva v. Soto–Rivera*, 133 F.3d at 98 (1st Cir.1997).

Regarding the remaining two prongs of the analysis of the qualified immunity de-fense, the Court does not reach them since the parties have failed to fully address and brief this issue, and the Court will not make a determination on this issue given the undeveloped factual record at this time. Therefore, the Court hereby **DENIES** Defendants' claims for qualified immunity at this point in the litigation.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' "Motion to Dismiss" **(docket No. 5)** and hereby **DISMISSES WITH PREJUDICE** Plaintiff Medina's equal protection and Fifth Amendment claims. All remaining claims remain before the Court.

**IT IS SO ORDERED.**