**ARROYO–AUDIFRED, et al., Plaintiffs**

v.

**VERIZON WIRELESS, INC., et al., Defendants**

No. 05–2303 (JP).

United States District Court, D. Puerto Rico.

May 24, 2006.

---

Lydia M. Ramos–Cruz, Esq., Osvaldo Carlo–Linares, Esq., Lausell & Carlo, PSC, San Juan, PR, for Plaintiffs.

Miriam B. Toledo–David, Esq., Bayoán Muñiz–Calderón, Esq., Vélez Rivé & Toledo David, PSC, San Juan, PR, for Defendants.

### OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

The Court has before it the defendants' motions to dismiss (**Nos. 6, 14**) and the plaintiffs' oppositions. Plaintiff Dennis Arroyo claims the defendants discriminated against him based on his age in violation of the Age Discrimination in Employment Act and Puerto Rico Law 100 of 1959, and his wife and children claim the defendants violated their rights under Article 1802 of the Puerto Rico Constitution. The defendants move to dismiss the ADEA claims on the ground that Arroyo failed to file a timely charge with the EEOC. The motions are **DENIED**.

## II. *LEGAL STANDARD FOR A MOTION TO DISMISS*

According to the Supreme Court, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). According to the First Circuit, the Court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 997 (1st Cir.1992). A "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González–Pérez v. Hospital Interamericano De Medicina Avanzada,* 355 F.3d 1, 5 (1st Cir.2004).

## III. *FACTUAL ALLEGATIONS*

Arroyo was born in 1956, and began to work for the Puerto Rico Telephone Company in 1981 as a service representative. In 1988 he was promoted to a supervisory position, and in 1995 he began to work in the Celulares Telefónica division of Puerto Rico Telephone Company. He supervised a store in Fajardo, and then a store in Humacao. In 2001 he was promoted to "District Manager" for the stores in the eastern district of Puerto Rico. As District Manager, he hired personnel, supervised store supervisors, and ensured the district's sales objectives were met.

Either in 2001 or in 2002 Celulares Telefónica was sold to Verizon Wireless, and as a result Arroyo was demoted to the position of "Store Manager." The position entailed a lower salary, lower commissions, and less responsibility than Arroyo's previous position. At the same time employees who previously held positions as store supervisors were promoted to Store Manager, causing Arroyo to work alongside his prior subordinates.

The plaintiffs allege that since the corporate sale Arroyo applied for various positions within Verizon Wireless for which he was qualified and was turned down in favor of candidates under forty years of age. He was turned down for positions in October of 2002, and March of 2003. He complained to his supervisor Arturo Lugo about "an apparent pattern of rejection of positions without just cause" and was told, "[T]hat is the way things are." In January of 2004 Lugo's District Manager position became available, and a system for the rotation of store managers was put into effect until the position was filled. In February of 2004 Arroyo interviewed for the position. Defendant José Rubén Sáez, a Verizon Wireless General Sales Manager, told Arroyo that the selection process for the new position was "like standing in a

train terminal: some doors open up and some doors close." The plaintiffs allege that Sáez's comment communicated to Arroyo that he would be denied all promotions, and enunciated a policy to deny older people top management positions within Verizon Wireless. In March of 2004 it became Arroyo's turn to serve as interim District Manager. A new, younger District Manager was named at this time in order to prevent Arroyo from serving as interim District Manager. In May of 2004 the District Manager went on vacation, and a person younger than Arroyo was permitted to serve as interim District Manager. In 2004 Arroyo lost the duty to serve as the company spokesperson charged with welcoming summer interns. The plaintiffs also allege that as part of a pattern of discriminatory conduct an Assistant Manager was named to Arroyo's store. The Assistant Manager shared Arroyo's duties and reported to the same District Manager, and the position was held by an employee under forty years of age. The plaintiffs allege that Verizon Wireless took this action to eliminate Arroyo's duties. Finally, Arroyo's fringe benefits were eliminated. The plaintiffs allege that Arroyo complained of a pattern of age discrimination by Verizon Wireless to its human resources department in mid 2004, and obtained no relief.

## IV. ANALYSIS

■ The defendants argue that the ADEA claim must be dismissed, because Arroyo failed to file a timely charge with the EEOC. EEOC charges must be filed within 180 days of the alleged unlawful employment practice. 29 U.S.C. § 626(d)(1). If there is an applicable state age discrimination law and agency, as there is in Puerto Rico, the time period is extended to 300 days. 29 U.S.C. § 626(d)(2). The defendants argue in their motions and the plaintiffs do not contend that Arroyo filed his discrimina-

tion charge with the EEOC on May 24, 2004. Ordinarily when deciding a motion to dismiss under Rule 12(b)(6) a court may not consider any documents outside of the complaint and not expressly incorporated therein. *Diva's Inc. v. City of Bangor*, 411 F.3d 30, 38 (1st Cir.2005). However, "when a complaint's factual allegations are expressly linked to and admittedly dependent upon a document (the authenticity of which is not challenged) then the court can review it upon a motion to dismiss." *Id.*, at 38 (internal quotations omitted). Here the plaintiffs allege in their complaint that they have satisfied the administrative requirements, and do not contest that Arroyo filed his EEOC complaint on May 24, 2004. Therefore, under *Diva's Inc.*, the Court may consider this fact without converting the defendants' motions to motions for summary judgment. The defendants argue that the ADEA claim must be dismissed, because the alleged acts of discrimination took place more than 300 days prior to the EEOC filing, or before July 28, 2003. The plaintiffs argue that they can recover for all the acts of alleged decimation in the complaint under the continuing violation doctrine.

■ The First Circuit adopted the continuing violation doctrine, an equitable exception to the EEOC filing deadline for cases where the unlawful behavior was ongoing. *Crowley v. L.L. Bean, Inc.*, 303 F.3d 387, 405 (1st Cir.2002). Continuing violations could be serial or systemic. *Id.*, at 405. A serial violation occurred where the plaintiff experienced a number of discriminatory acts arising from the same discriminatory animus, and a claim alleging a serial violation was considered timely if one of the discriminatory acts occurred during the limitations period. *Rivera–Rodríguez v. Frito Lay Snacks Caribbean, a Div. of Pepsico P.R.*, 265 F.3d 15, 21 (1st Cir.2001). A systemic violation occurred

"where an employer maintains a discriminatory policy, responsible for multiple discriminatory acts that fall outside the limitations period." *Crowley*, 303 F.3d at 405. A claim alleging a systemic violation was timely filed if the alleged policy or practice continued into the limitations period. *Rivera–Rodríguez*, 265 F.3d at 21. The First Circuit held that no continuing violation could be found where the plaintiff was or should have been aware that he was being unlawfully discriminated against while the acts outside the limitations period took place. *Landrau–Romero v. Banco Popular De P.R.*, 212 F.3d 607, 612 (1st Cir. 2000).

■ However, the First Circuit's continuing violation jurisprudence must give way to the Supreme Court's holdings in *National Railroad Passenger Corp v. Morgan* regarding serial violations and systemic violations where the plaintiff alleges a hostile work environment. In *Morgan* the Supreme Court reversed the Ninth Circuit's serial violation doctrine, and held that a Title VII plaintiff seeking to recover for a discrete act of discrimination, as opposed to a pattern of harassing conduct that taken as a whole constitutes a hostile work environment, must file a charge with the EEOC within 300 days of the date of the discrete act. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). The *Morgan* court explicitly stated,

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act start a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred.

*Id.*, at 133. The First Circuit has applied *Morgan* to ADEA claims, *See Campbell v.*

*BankBoston, N.A.*, 327 F.3d 1, 11 (1st Cir.2003), and such application is supported by the fact that the statutory provisions which provide the EEOC filing deadlines for ADEA and Title VII claims are similar. *See* 42 U.S.C. § 2000e–5(e)(1) ("A charge under this section shall be filed within one hundred eighty days after the alleged unlawful employment practice occurred."), 29 U.S.C. § 626(d)(2) ("Such a charge shall be filed ... within 300 days after the alleged unlawful practice occurred."). The *Morgan* court stated that termination, failure to promote, denial of transfer, or refusal to hire were examples of discrete acts of alleged employment discrimination to which its holding applied, *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114, 122 S.Ct. 2061, and the First Circuit has held that a letter of warning by an employer is another example of a discrete act under *Morgan, Miller v. New Hampshire Dep't of Corrections*, 296 F.3d 18, 22 (1st Cir.2002). The *Morgan* court distinguished a claim alleging a discrete act of discrimination from a claim alleging a hostile work environment. The court held that because a hostile work environment occurs over time, and is based on the cumulative effect of individual acts of harassment, none of which may be actionable on its own, a hostile work environment claim is timely so long as one act contributing to the hostile work environment is within the statutory period. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 117, 122 S.Ct. 2061. The First Circuit recognized that *Morgan* supplants First Circuit jurisprudence on systemic violations in hostile work environment cases. *Crowley*, 303 F.3d at 405.

■ Plaintiff Arroyo's ADEA claim must not be dismissed, because although several of the alleged events occurred outside the 300 day limitations period, he could recover for discrete discriminatory acts he alleges occurred within the limita-

tions period and for a systemic violation. Arroyo alleges that in 2001 or in 2002 he was demoted to Store Manager. He was turned down for promotions in October of 2002, March of 2003, and May of 2004. He was prevented from serving as interim District Manager in March of 2004. In 2004 he lost the duty to represent the company when it welcomed summer interns, and later lost other duties when an Assistant Manager was named to his store, and lost fringe benefits. Discrete acts which occurred before July 28, 2003, are outside the 300 day limitations period, and therefore are not actionable under *Morgan*. The demotion, and the promotion denials of 2002 and of March, 2003, are discrete acts of alleged discrimination, and therefore are not actionable due to Arroyo's failure to file a timely EEOC complaint. The events which Arroyo alleges occurred after July 28, 2003, specifically the failure to promote him in May of 2004, the failure to allow him to serve as interim District Manager in March of 2004, and the termination of his duties and fringe benefits in 2004 also are discrete acts of discrimination, but fall within the 300 day limitations period. Arroyo has stated an ADEA claim under which he could recover for discrete acts of discrimination that occurred after July 28, 2003.

 Arroyo has also stated a claim for a systemic violation. Arroyo does not allege that he was subjected to harassment that amounted to a hostile work environment, but alleges that defendant Verizon Wireless had a discriminatory policy, which was "the closing of doors to older people," Complaint at 5, and alleges that this policy continued into 2004. Therefore, Arroyo also has stated an ADEA claim under which he could recover for a systemic violation which continued after July 28, 2003.

## V. *CONCLUSION*

The Court **DENIES** the defendants' motions to dismiss. Pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure the defendants must answer the complaint on or before 10 days from entry of this order.

**IT IS SO ORDERED.**