**Suzette BACO, et al., Plaintiffs**

v.

**TMTV CORP, Defendant**

**No. CIV. 05–1641(JP).**

United States District Court,
D. Puerto Rico.

May 30, 2006.

Edna Hernández–Arroyo, María Luisa Martínez–López, Ávila, Martínez & Hernández, San Juan, PR, José A. Hernández–Mayoral, Patricia Rivera MacMurray, Hernández–Mayoral Law Office, San Juan, PR, Nellymarie López–Díaz, Nellymarie López Díaz Law Office, Guaynabo, PR, for Plaintiffs.

Roberto Sueiro-del Valle, Roberto Sueiro-del Valle, L.L.M., San Juan, PR, for Defendant.

### OPINION AND ORDER

PIERAS, Senior District Judge.

### I.  INTRODUCTION

The Court has before it the defendant's motion to dismiss (No. 5), the plaintiffs' opposition (No. 8), and the defendant's reply (No. 13). The plaintiffs brought this action under federal copyright law seeking a declaratory judgment that they own the copyrights to certain television characters and also claim under Puerto Rico law that the defendant tortiously interfered with contracts with third parties. The defendant moves to dismiss the copyright claims on the ground that they are time barred, and to dismiss the claim of tortious interference with contracts for failure to state a claim. The Court **DENIES** the motion.

### II.  LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, a "court may dismiss a Complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002). Ac-

cording to the First Circuit, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 997 (1st Cir.1992). A complaint sufficiently raises a claim "even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González–Pérez v. Hospital Interamericano De Medicina Avanzada,* 355 F.3d 1, 5 (1st Cir.2004). Under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## III. *FACTUAL ALLEGATIONS*

The defendant, TMTV Corporation ("TMTV") is in the business of producing television shows. From 1997 to 1999 TMTV produced and aired a two hour weekly program on WKAQ, Channel 2 ("WKAQ") in Puerto Rico. This program included a sitcom segment called "20 Pisos de Historia" ("20 Pisos"). The plaintiffs in the instant case were actors on "20 Pisos." In December of 1999 "20 Pisos" went off the air on WKAQ. In March of 2000 Televicentro de Puerto Rico, Inc., (WAPA–TV, Channel 4) ("WAPA") began airing "El Condominio," on which the plaintiffs portrayed the same characters they portrayed on "20 Pisos."

On March 15, 2000, TMTV filed a copyright infringement and declaration of ownership action in this District Court, case number 00–CV–1338 (RLA), against Emmanuel Logroño, Gilda Santini, and Mass Productions, Inc., a production company through which Logroño and Santini produced "El Condominio." On November 24, 2004, Senior District Judge Raymond L. Acosta held on a motion for summary judgment that TMTV owned the copyright to "20 Pisos," and that "El Condominio" was an unauthorized derivative work of "20 Pisos." In his opinion granting summary judgment Senior District Judge Acosta stated in a footnote,

> The fact that some characters which appeared in "20 Pisos de Historia" may have pre-existed in some degree of definition to the sitcom does not allow said characters, absent an agreement and authorization to such effect—not present in this case—to produce an unauthorized derivative work substantially similar to the copyrighted work of "20 Pisos de Historia". Only the copyright holder has such exclusive right. Defendant Logroño conceded in his deposition that the program belonged to plaintiff's predecessors in interest.

On January 18, 2005, the plaintiffs other than Emmanuel Logroño, who was already a party, moved to intervene in the case before Senior District Judge Acosta. Because of Senior District Judge Acosta's statements in his opinion granting summary judgment for WKAQ the plaintiffs feared their property interests in the characters they portrayed on "20 Pisos" and "El Condominio" would be effected by the outcome of the case. On February 4, 2005, Senior District Judge Acosta denied the motion to intervene on the grounds that the motion was untimely and that the issue in the case before him was not ownership of the characters, but ownership of "20 Pisos" itself. On June 15, 2005, the plaintiffs filed the instant case for declaratory judgment that they are the sole owners of the copyrights to characters they played on "20 Pisos," and on "El Condominio." They allege they created the characters between 1984 and 2002, and obtained copyright registration certificates for them as unpublished literary works.

The plaintiffs also claim that TMTV tortiously interfered with their exploitation of their copyrights and with their business contracts in violation of Puerto Rico law. They allege that TMTV or its legal representatives contacted third parties that hired or expressed an interest in hiring the plaintiffs' characters for promotions during the Christmas season and threatened the third parties with legal prosecution if they did not pay a "license fee" to TMTV. The plaintiffs were forced to make the promotional appearances as civilians, rather than as their characters. TMTV also prevented plaintiff René Monclova from exploiting his character to serve as the spokesman for certain products.

## IV. ANALYSIS

■ The defendant argues that the plaintiffs' declaration of ownership claim should be dismissed on the ground that it is barred by the Copyright Act's three year statute of limitations, and argues that the plaintiffs' claims accrued when the defendant filed its lawsuit against Logroño, Santini, and Mass Productions, Inc., in 2000. Civil actions under the Copyright Act of 1976 must be filed within three years of when they accrue. 17 U.S.C. § 507(b). Unlike claims for copyright infringement, which accrue when the plaintiff has knowledge of the infringement or is chargeable with such knowledge, *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 202 (4th Cir. 1997), claims for declaration of ownership under the Copyright Act accrue when the plaintiff learns, or should as a reasonable person have learned, that the defendant repudiated the plaintiff's ownership of the copyright. *See Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir.2004). The Ninth Circuit requires that the repudiation be "plain and express," *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir.1999);

*Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir.1996).

■ The defendant's argument that the plaintiffs' claims accrued when it filed its complaint in 2000 fails. There is no indication in the instant complaint that the plaintiffs, other than Logroño, learned of the lawsuit against the producers of "El Condominio" before 2005 when they moved to intervene, and there is no indication that the plaintiffs as actors on a television show had a duty to know of a lawsuit against the show's producer. Also, the copyrights at stake in the case before Senior District Judge Acosta are different in kind from the ones the plaintiffs seek to establish in this case. The copyrights subject to the case before Senior District Judge Acosta are the copyrights to the "20 Pisos" series itself. In the instant case the plaintiffs seek declaratory judgment that they own the copyrights to certain characters they play on "El Condominio," some of which they also played on "20 Pisos." While stock characters are not copyrightable (*see Gaiman*, 360 F.3d at 659–660), characters depicted audiovisually that are "especially distinctive" or "the story being told" receive copyright protection apart from the work in which they appear. *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1175 (9th Cir.2003). For example, courts have granted copyright protection for "Godzilla," *Toho Co., Ltd. v. William Morrow and Co., Inc.*, 33 F.Supp.2d 1206, 1215 (C.D.Cal.1998), "James Bond," *Metro-Goldwyn–Mayer, Inc., v. Am. Honda Motor Co.*, 900 F.Supp. 1287, 1297 (C.D.Cal. 1995), and "Tarzan," *Burroughs v. Metro-Goldwyn–Mayer, Inc.*, 519 F.Supp. 388, 391 (S.D.N.Y.1981). Thus TMTV did not clearly repudiate the plaintiffs' interests in the characters when it asserted its copyrights to "20 Pisos," and the copyright claims cannot be dismissed as time barred.

The defendant also moves to dismiss the tortious interference with contracts claim on the ground that the plaintiff failed to state a claim. Under Puerto Rico law, to prevail on a claim of tortious interference with a contractual relationship a plaintiff must show: (1) the existence of a contract, (2) that the defendant acted with fault, (3) damage to the plaintiff, and (4) a causal relationship between the defendant's conduct and the damage. *Future Development of P.R. v. Estado Libre Asociado De P.R.*, 276 F.Supp.2d 228, 241 (D.P.R.2003); *Gen. Office Prods. Corp. v. A.M. Capen's Sons, Inc.*, 115 P.R. Dec. 553, 558–59, 1984 WL 270915 (1984). With respect to the element of fault, the plaintiff must show the defendant intentionally interfered, knowing the interference would injure the plaintiff. *Future Development of P.R.*, 276 F.Supp.2d, at 241. The Supreme Court of Puerto Rico declined to extend the cause of action to cases where a contract is not present. *Dolphin Int'l of P.R. v. Ryder Truck Lines*, 127 P.R. Dec. 869, 883 (1991).

The plaintiffs have successfully stated a claim for tortious interference with a contractual relationship. The plaintiffs allege that TMTV or its legal representatives contacted third parties who hired the plaintiffs for promotional appearances and threatened them with legal action if they did not pay a licensing fee. They allege these calls resulted in the plaintiffs appearing as civilians rather than as characters. Plaintiff Monclova also alleges TMTV prevented him from serving as spokesman for products. The defendant argues that the mere announcement that a legal right would be exercised if certain events were to occur cannot constitute a tort. Whether the defendant owns the copyrights to the characters is a matter to be decided in this case. In the lone case the defendant cites the Supreme Court of Puerto Rico held that no duress was present "when a person advises another that he promises to exercise his legitimate right of resort to the courts if the latter does not pay a demandable obligation." *Rodríguez v. M. Joglar & Co., S. En C.*, 48 P.R. Offic. Trans. 338, 341, 1934 WL 4880 (1934). The Supreme Court of Puerto Rico did not hold, and this Court is unwilling to hold, that assertion of a legal right, even one not actually held by the asserting party, bars a finding of fault in all cases. Other jurisdictions have recognized a legal justification privilege that bars liability in tortious interference with contract cases where the defendant in good faith asserts a colorable legal right, or asserts a bona fide legal right regardless of motive. *See Wardlaw v. Inland Container Corp.*, 76 F.3d 1372, 1378 (5th Cir.1996). Others put the burden on the plaintiffs to prove the absence of a legal justification. *See Rossi v. Motion Picture Ass'n of America*, 391 F.3d 1000, 1006 (9th Cir.2004). Because the defendants have not developed its argument as to these claims nor cited to persuasive authority, the Court will not decide at this stage whether such a privilege or element exists under Puerto Rico law. It suffices to hold that the plaintiffs in this case have stated claims for tortious interference with a contractual relationship.

## V. CONCLUSION

The Court **DENIES** the defendant's motion to dismiss. Pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, the defendant must answer the complaint on or before ten days from entry of this order.

**IT IS SO ORDERED.**