**Jon ZONA, Plaintiff,**

v.

**CLARK UNIVERSITY, Jon Bassett, President, and Jason Falcon, Defendants.**

Civil No. 05–40178–FDS.

United States District Court, D. Massachusetts.

June 26, 2006.

Michael P. Holden, Law Office of Michael P. Holden, Norwell, MA, for Plaintiff.

Christine S. Collins, James E. Wallace, Jr., Bowditch & Dewey LLP, Worcester, MA, for Defendants.

### *MEMORANDUM AND ORDER ON MOTION TO DISMISS OF DEFENDANTS CLARK UNIVERSITY, JON BASSETT AND JASON FALCON*

SAYLOR, District Judge.

This is an action brought by a university student, Jon Zona, against his baseball coach and others for damages arising from the coach's disclosure to the rest of the team that Zona had bipolar disorder. Defendants Clark University, Jon Bassett, and Jason Falcon have moved to dismiss the action for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons below, defendants' motion will be granted.

### I. *Factual Background*

As set forth in his complaint, Zona attends Clark University, an institution of higher education located in Worcester,

Massachusetts.[1] Bassett is the president of the University and Falcon is the baseball coach. On October 14, 2003, Falcon revealed to the baseball team that Zona suffered from bipolar disorder. Bipolar disorder is a mental health disability which is characterized by periods of mania or euphoria alternating with periods of depression. Zona alleges that this information was private and was wrongfully disclosed.

Zona filed a complaint in this Court against the University, Bassett, and Falcon, alleging that such disclosure violated three federal statutes: the Public Health Service Act, 42 U.S.C. § 201 *et seq.* (Count I); the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. Part 99 (Count II); and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 (Count III). Zona seeks compensatory and punitive damages, interest, and costs, and "[a]ll other relief the Court deems appropriate."[2] Defendants have moved to dismiss all claims under Rule 12(b)(6) on the grounds that there is no private right of action for the violations of federal law alleged in Counts I and II, and that no relief would be available to Zona for a violation of federal law alleged in Count III. Zona has not opposed the motion.

## II. *Analysis*

■ In assessing a motion to dismiss under Rule 12(b)(6), the Court must "assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit the plaintiff's stated theory of liability." *Redondo–Borges v. U.S. Dep't of Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005). The complaint should be dismissed "only if, when viewed in this manner, the pleading shows no set of facts which could entitle plaintiff to relief." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The facts as alleged do not state a claim upon which relief can be granted under the three federal statutes cited in the complaint.[3]

### A. *Count I: Public Health Service Act*

■ The Public Health Service Act is a voluminous set of provisions that, in general, establishes various executive agencies and grant programs supporting health care and research. 42 U.S.C. § 201 *et seq.*[4] Zona's complaint references the act in its entirety without identifying any particular provision or substantive right violated by the disclosure. Pleading requirements, "though minimal, are not non-existent." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 998 (1st Cir.1992) (internal quotation marks omitted). Although the Court must read the complaint in the light most favorable to the plaintiff, it "need not conjure up unpled allegations" to help it survive a motion to dismiss. *Gooley*, 851

---

1. Although the complaint is ambiguous as to his current enrollment status, the Court will assume that Zona is still a student at the University.

2. Zona seeks damages for emotional distress and mental anguish, his lost chance of playing baseball at the university, his lost earnings from the possibility of playing professionally in Italy, and his loss of a semester and its associated cost.

3. The Court expresses no view as to whether the complaint states a claim under the state privacy statute or other state law. *See* Mass. Gen. Laws ch. 214 § 1B.

4. For example, the act establishes the Office of the Surgeon General and the National Institute of Health. 42 U.S.C. § 202.

F.2d at 514. Zona has not pointed to any provision of the statute—nor has the Court found one—that establishes a federally protected right that was violated by Falcon's disclosure.[5] Accordingly, this count will be dismissed.

### B. *Count II: Family Educational Rights and Privacy Act*

■ In general, the Family Educational Rights and Privacy Act ("FERPA") conditions an educational institution's receipt of federal funds on its compliance with certain access and disclosure rules relating to student education records. 20 U.S.C. § 1232g. It is not clear that Falcon's disclosure would violate nondisclosure rules of FERPA (or its regulations). Even if it did, Zona does not have any right of action to redress such a violation, because FERPA did not create any individually enforceable federal rights. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 276, 287, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002); *see Touche Ross & Co. v. Redington*, 442 U.S. 560, 579, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979) (cited favorably in *Gonzaga Univ.*, 536 U.S. at 283–84, 122 S.Ct. 2268).[6] Accordingly, this count will also be dismissed.

### C. *Count III: Title III of the Americans with Disabilities Act*

■ Unlike the statutes discussed above, Title III of the Americans with Disabilities Act provides a private right of action. However—and even assuming that Zona has stated facts sufficient to make out a claim for a violation of Title III—only injunctive relief, and not monetary damages, would be available as a remedy. *See Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 304 (1st Cir.2003) (citing 42 U.S.C. § 12188(a)(1) and *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968)). Entry of an injunction is generally "pointless" if the discrimination is not ongoing. *Dudley*, 333 F.3d at 304. Even viewing the allegations in Zona's favor, the complaint here does not seek any form of injunctive relief, and, in any event, the facts would not appear to support a request for injunctive relief.[7] Accordingly, this count must be dismissed as well.

### III. *Conclusion*

For the foregoing reasons, Defendants Clark University, John Bassett, and Jason

---

**5.** While the disclosure of patient records maintained in connection with certain educational, research, treatment, or other programs conducted, regulated, or otherwise assisted by U.S. agencies may under certain circumstances violate one provision of the act, 42 U.S.C. § 290dd–2, courts have held that no private right of action exists for such a violation. *See, e.g., Ellison v. Cocke County*, 63 F.3d 467, 469 (6th Cir.1995); *Briand v. Lavigne*, 223 F.Supp.2d. 241, 251 (D.Me. 2002).

**6.** In *Gonzaga*, the plaintiff filed suit on the theory that, while FERPA did not provide a direct remedy, it created a private right which, if impaired, was actionable under § 1983. The Supreme Court disagreed, stating that "unless Congress speaks with a clear voice, and manifests an unambiguous intent to confer individual rights, federal funding provisions provide no basis for private enforcement by § 1983." *Gonzaga Univ.*, 536 U.S. at 280, 122 S.Ct. 2268 (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 451 U.S. 1, 17, 28 & n. 21, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981)). Violations of FERPA are redressed by Secretary of Education, who may direct in certain circumstances that funds be withheld from the educational institution. 20 U.S.C. §§ 1232g(b)(1), 1232g(f); *Gonzaga Univ.*, 536 U.S. at 287, 122 S.Ct. 2268.

**7.** For example, there are no allegations suggesting that he was removed from the baseball team, or expelled from the University as a result of the discrimination, or that the discrimination is otherwise ongoing.

Falcon's Motion to Dismiss will be GRANTED.

**So Ordered.**