Victor O. **PORTUGUES SANTA**, Plaintiff,

v.

**B. FERNANDEZ & HNOS., INC.,** et al., Defendants.

No. CIV. 05–1527(JP).

United States District Court, D. Puerto Rico.

July 14, 2006.

Ralph Vallone, Jr., Ralph Vallone, Jr. Law Office, San Juan, PR, for Plaintiff.

Alfredo Fernández–Martínez, Esq., Jenyfer García–Soto, Esq., Delgado & Fernández, San Juan, PR, for Defendants.

## OPINION AND ORDER

PIERAS, Senior District Judge.

The Court has before it the defendant's motion to dismiss (No. 40) and the plaintiff's opposition, and the defendant's reply. Plaintiff Víctor Omar Portugués brought this action under Title VII of the Civil Rights Act of 1964, and under Puerto Rico's Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29 § 146, et seq. (2003), for alleged race discrimination in employment. The plaintiff also alleges the defendant, B. Fernández & Hnos., Inc. ("BFH"), regarded him as being homosexual and discriminated against him on this basis. The defendant moves to dismiss the plaintiff's claims for discrimination on the basis of being regarded as homosexual on the ground that such a claim does not exist under federal or Puerto Rico law. The plaintiff concedes that his claim is unprecedented, but argues that this Court should exercise its authority to create a new cause of action under Puerto Rican common law. This Court declines to create a cause of action for employment discrimination on the basis of being regarded as homosexual, and therefore **GRANTS** the defendant's motion to dismiss.

## I. FACTUAL ALLEGATIONS

The plaintiff began to work for BFH on May 15, 2000. He was hired as Sales and Marketing Director for BFH's Beer and Liquor Division. His job performance in the position was excellent. One month after he began work for the company the alleged acts of discrimination began. The only brand manager in the Liquor Division was transferred from his department, forcing the plaintiff to do an unmanageable amount of work. In contrast, other man-

agers, all white males, were given new staff. The plaintiff was the only top management official without a company laptop. BFH personnel subjected the plaintiff to derogatory remarks, referring to him as "negro con Mercedez Benz," "la loca Omar," "Gay Director," and "Gay Manager." They made these remarks in the presence of third parties, and believed the plaintiff was homosexual. BFH management knew about the discriminatory treatment, but took no corrective action. On February 2004, BFH terminated the plaintiff's employment. They claimed he was terminated for economic reasons, but these stated reasons were mere pretext for discrimination on the basis of his race and his rumored homosexuality. The plaintiff was replaced with a white employee with less experience in liquor sales. All of the BFH's management employees are white and heterosexual.

## II. *LEGAL STANDARD FOR A MOTION TO DISMISS*

According to the Supreme Court, a "court may dismiss a Complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002). According to the First Circuit, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992). A complaint sufficiently raises a claim "even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González–Pérez v. Hospital Interamericano De Medicina Avanzada*, 355 F.3d 1, 5 (1st Cir.2004). Under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## III. *ANALYSIS*

Even if the facts alleged in the amended complaint were true, the plaintiff would not be entitled to relief under existing law for discrimination on the basis of being regarded as homosexual. Title VII prohibits discrimination only on the basis of race, color, religion, sex, and national origin, but not sexual orientation. 42 U.S.C. § 2000e–2(a)(1), *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 259 (1st Cir.1999). Law 100 of June 30, 1959, Puerto Rico's general employment discrimination statute, *see Cardona Jiménez v. Bancomercio de Puerto Rico*, 174 F.3d 36, 42 (1st Cir.1999), bars discrimination only on the basis of age, race, color, sex, social and national origin, social condition, political affiliation, and political and religious ideology. P.R. Laws Ann. tit. 29 § 146. Law 100 does not bar discrimination on the basis of sexual orientation.

The plaintiff concedes that existing law does not afford him relief for employment discrimination on the basis of being regarded as homosexual, but argues that the Court should use its authority to create a new cause of action under Puerto Rican law. The plaintiff argues that discrimination on the basis of sexual orientation is now commonly recognized as unacceptable, citing *Lawrence v. Texas*, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), in which the Supreme Court held unconstitutional a state statute that banned homosexual sodomy, and citing statutes in twelve states and the District of Columbia that prohibit employment discrimination on the basis of sexual orientation.

The Court declines to create a new cause of action for employment discrimina-

tion on the basis of being regarded as homosexual. It does not follow from the Supreme Court's decision in *Lawrence* or from statutes in other states that this Court should create from whole cloth a new cause of action under Puerto Rico law. The fact that several states have statutes barring discrimination on the basis of sexual orientation only indicates that this is a matter for the legislatures and not for the courts. As the plaintiff states in his opposition, "This case is about stating [sic] to define the boundaries of discrimination because of sexual orientation." No. 47, at 10. The Court merely applies the law; it does not make it. Legislation in areas popularly regarded as moral issues, should be reserved for democratically elected legislatures, and not for the courts.

## IV. CONCLUSION

The Court **GRANTS** the defendant's motion to dismiss. The plaintiff's claim for race discrimination under Title VII remains before the Court.

**IT IS SO ORDERED.**