Adrián **VEGA–CARABALLO**, Plaintiff

v.

**ABBOTT LABORATORIES INTERNATIONAL, CO.,**
**et al., Defendants.**

**Civil No. 07–1591 (JP).**

United States District Court,
D. Puerto Rico.

April 10, 2008.

Amarilys Arocho–Maldonado, Esq., Arocho Maldonado Law Office, Utuado, PR, for Plaintiff.

Gregory T. Usera, Esq., Nilda Natalia Villavicencio–Camacho, Esq., Usera Law Offices, P.S.C., Rosalie Irizarry–Silvestrini, Esq., Salvador Antonetti–Zequeira, Esq., Fiddler, González & Rodríguez, San Juan, PR, for Defendants.

### OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

Before the Court are motions to dismiss filed by Defendant Guardsmark, LLC ("Guardsmark") (No. 3) and by Defendant Abbott Pharmaceutical PR, Ltd. ("Abbott") (No. 12), and Plaintiff Adrián Vega–Caraballo's ("Vega") oppositions thereto (Nos. 8 and 14, respectively). Plaintiff Vega originally brought this action pursuant to 42 U.S.C. Section 1983 ("Section 1983") for violations of his constitutional rights under the Fourth Amendment of the United States Constitution. Plaintiff also brought supplemental claims of false imprisonment, slander *per se,* and invasion of privacy.

Plaintiff Vega filed an amended complaint (No. 11), with leave of the Court, on October 18, 2007. In the amended complaint, Plaintiff removed his Section 1983 claims, clarified that there was no diversity of citizenship among the parties, and set forth allegations of Fourth Amendment violations under *Bivens. See Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). As in his original complaint, Plaintiff Vega also asserted supplemental claims for false imprisonment, slander *per se,* and invasion of privacy.

Defendants move to dismiss the complaint on the ground that Plaintiff fails to state a claim upon which relief may be granted under the Fourth Amendment of the United States Constitution. For the reasons stated herein, Defendants' motions to dismiss (**Nos. 3 and 12**) are **GRANTED.**

### I. *LEGAL STANDARD FOR A MOTION TO DISMISS*

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* — U.S. ——, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible

on its face, not merely conceivable. *Id.* at 1974. The First Circuit has interpreted *Twombly* as sounding the death knell for the oft-quoted language of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rodríguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 94–95 (1st Cir. 2007), quoting *Twombly*, 127 S.Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992).

## II. FACTUAL ALLEGATIONS

At all times relevant to the complaint, Plaintiff Vega was employed by the company One Source, which appears to be a labor outsourcing firm.[1] In 2003, as an employee of One Source, Plaintiff Vega was assigned to work at Defendant Abbott's Barceloneta plant. On September 6, 2006, while working on a task in Defendant Abbott's supply room, Plaintiff was approached by a representative of Abbott as well as two armed men with badges who identified themselves as federal agents. Plaintiff Vega alleges that the federal agents restrained Plaintiff without explanation or probable cause, pursuant to the directions of Defendant Abbott's representative. The federal agents shoved Plaintiff Vega up against a wall and searched his person. They allegedly forced Plaintiff to walk through the grounds of the plant in handcuffs.

Plaintiff Vega was allegedly forced by the federal agents and the Abbott representative to proceed to the plant locker room. While in the locker room, Plaintiff Vega observed representatives of Defendants Abbott and Guardsmark breaking the locks and searching lockers. Plaintiff's locker was among those searched. The federal agents allegedly searched and damaged Plaintiff Vega's car, which was parked in Defendant Abbott's parking lot. The federal agents allegedly searched Plaintiff Vega's home later that day.

On September 7, 2007, Abbott's security officer allegedly stated, in the presence of One Source's general manager, that Plaintiff Vega was not allowed to work at Defendant Abbott's plant because his father-in-law was found to be in possession of drugs.[2] The security officer allegedly went on to state that "if you are with a person involved with drugs, you are a part of it." Am. Compl. ¶ 33. Abbott's security officer took Plaintiff Vega's identification badge in the presence of One Source's general manager, and Plaintiff was refused admission to the Abbott's plant. As a result of the allegedly slanderous statements made by Defendant Abbott's security guard, Plaintiff Vega's employment with One Source was terminated. He remained unemployed for three months thereafter.

## III. ANALYSIS

Plaintiff Vega brings this action against Defendants Abbott and Guardsmark for violations of his Fourth Amendment rights. He also brings supplemental

---

**1.** Plaintiff does not specify whether One Source is a labor outsourcing firm, but the Court understands it to be so from the other facts alleged in the complaint.

**2.** Defendant Guardsmark provides security services to Defendant Abbott. Although it was not explicitly clear, the Court assumes that the security guard in question was employed by Defendant Guardsmark.

claims of false imprisonment, slander *per se,* and invasion of privacy.

## A. *Plaintiff's Bivens Claim*

Defendants Abbott and Guardsmark argue that Plaintiff Vega fails to state a claim upon which relief may be granted because private corporations cannot be held liable for violations of the Fourth Amendment. In *Bivens,* the Supreme Court held that federal officials can sometimes be held liable for constitutional torts committed under the color of federal law. 403 U.S. at 397, 91 S.Ct. 1999. However, it has been well-established that *Bivens* is not applicable for the purposes of asserting a constitutional claim against a private corporate entity. *See Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001) (foreclosing the extension of a *Bivens* remedy to the context of employer liability); *see also Stoutt v. Banco Popular de P.R.,* 320 F.3d 26, 33 (1st Cir.2003) (holding that no *Bivens* claim existed against a defendant bank that supplied information required by law to the Federal Bureau of Investigations).

██ Plaintiff does not dispute that Defendants Abbott and Guardsmark are private corporate entities. Moreover, in his opposition (No. 14) to Defendant Abbott's motion to dismiss, Plaintiff Vega concedes that Defendant Abbott's motion is properly supported by *Malesko, supra,* which holds that a plaintiff has no cause of action under *Bivens* for constitutional violations allegedly committed by private corporate entities. Plaintiff admits that his *Bivens* action cannot be maintained against Defendants Abbott and Guardsmark because they are private corporations. Accordingly, Plaintiff's only argument in his opposition was merely a request for leave to file a second amended complaint to add as defendants "two unknown federal agents" to maintain federal jurisdiction.

Defendants argue that adding two unknown federal agents does not give Plaintiff a federal cause of action against Abbott and Guardsmark. The Court agrees. Moreover, given that the Court has already allowed Plaintiff to amend his complaint once, Plaintiff's request for leave to amend his complaint a second time is an obstinate attempt to maintain an action against Defendants Abbott and Guardsmark in federal court. Although Plaintiff may be able to state a cause of action against the federal agents in a *Bivens* lawsuit, the same analysis stated here would preclude any relief against Defendants Abbott and Guardsmark since they are private entities. Given that Plaintiff Vega mentioned the federal agents in the first two complaints, Plaintiff had ample opportunity to make the decision to add them as defendants when he amended his complaint the first time. The Court holds that allowing the Plaintiff to amend his complaint yet again would be unfair and unduly burdensome to Defendants, given that their dismissal argument would still prevail.

Further, dismissal of the federal claims against Defendants Abbott and Guardsmark does not leave Plaintiff without legal recourse. The Supreme Court in *Malesko* stated that one important factor in considering whether to extend *Bivens* jurisprudence is whether a plaintiff has any alternative recourse for harms allegedly committed against him. *Malesko,* 534 U.S. at 69–71, 122 S.Ct. 515. Granting Defendants' motion for dismissal here will still allow Plaintiff to pursue remedies in Puerto Rico state court for his supplemental claims of false imprisonment, slander *per se,* and invasion of privacy. As such, although the door to the federal court may be closed to Plaintiff Vega's *Bivens* claims against Defendants Guards-

mark and Abbott, Plaintiff's alternative recourse is to pursue relief in state court.

### B. *Plaintiff's Supplemental Claims*

Having dismissed the federal claims in this case, the Court declines to exercise jurisdiction over all of the Puerto Rico law claims, and will enter judgment dismissing those claims without prejudice. See *Newman v. Burgin,* 930 F.2d 955, 963 (1st Cir.1991) ("[t]he power of a federal court to hear and determine state law claims in non-diversity cases depends upon the presence of at least one substantial federal claim in the lawsuit").

## IV. *CONCLUSION*

In conclusion, the Court grants Defendants' motions to dismiss. The Court will enter a separate judgment dismissing Plaintiff's claims for violations of his rights under the United States Constitution with prejudice. The Court will enter judgment dismissing without prejudice Plaintiff's Puerto Rico law claims for false imprisonment, slander *per se,* and invasion of privacy.

**IT IS SO ORDERED.**